Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>　　　　Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**AMENDED**<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER PURSUANT TO STIPULATION RESTRICTING PRODUCTION OF PEACE OFFICER PERSONNEL AND TRAINING FILES** |

　　　Pursuant to the stipulation of the parties, the Court hereby orders as follows:

　　　1.　In consideration of the fact that the materials to be produced subject to this protective order are sensitive, confidential, and not intended for public dissemination, only the plaintiff, his counsel of record, his counsel of record's administrative staff, his expert witnesses, and court reporters are to have access to the material, the explicitly stated converse of which is that the materials produced subject to this protective order are not to be provided to anyone other than those specified individuals under

1

any circumstances except as provided in paragraphs 14, 15, and 16 below.

2. The prohibition of the previous subheading — that is, that the materials are, under no circumstances, to be shown to anyone but the specified individuals or categories of individuals — applies with equal force to the information contained in the materials, so that the limitation against dissemination of the materials is not limited to just the materials themselves but, rather, to all data which is or could be derived from the materials.

3. The prohibition against dissemination to any but the stated individuals applies to a prohibition against dissemination to entities, businesses, organizations, computer dissemination, computer revelation, and the press (including newspaper, television, and radio media), as well as to a prohibition against provision of the materials and data derived from them to any person, entity, or group of people.

4. The subject matter of this order is the entire content of the personnel and training files of Ryan Smith, Cody Madison, and Carlos Mitre, as well as all data and information which is contained in those files or could reasonably be derived from those files.

5. The prohibition against production, dissemination, and revelation of the subject police personnel and training files applies with regard to allowing someone to see the information or the files. The utmost care must be taken to prevent the files from being seen by unauthorized persons, meaning that the files will be carefully kept from unauthorized persons so that the files will not

be left lying around, in the open, or viewed in the presence of other individuals who are not authorized to view the materials.

6. It shall be the responsibility of each individual who is an authorized recipient of the police personnel and training files of officers Smith, Madison, and Mitre to keep a careful written record of all individuals to whom the subject materials and information derived from them is produced, including the full name of the individual, his or her status in relationship to the lawsuit, and the date of delivery of the subject files or data derived from them.

7. It shall be the responsibility of each authorized recipient to provide each subsequent authorized recipient with a copy of this order and to receive a written receipt of having received the order implementing the stipulation, plus an agreement to abide by it.

8. This order will remain in effect notwithstanding status changes of the subject officers, so that if the three officers who are protected by this order have or do change ranks, have or do change police departments, or have or do change their sworn status, i.e., leave police work, this order nevertheless remain valid and in force.

9. The subject personnel and training files will only be delivered one time, either by regular first-class mail or by personal delivery, to counsel of record for the plaintiff, and shall be delivered within a reasonable time period following entry of this order.

10. At the conclusion of the subject litigation (defined by expiration of any appellate period from any judgment or ruling

disposing of the case in its entirety or execution of settlement documents), each authorized recipient shall either return the materials to counsel for the defendants or provide a signed written guarantee of full destruction by shredding of the subject personnel files and training records.

11. The police department is authorized to remove or redact from the subject personnel and training files any locational data, personal identifiers, or personal information about the three subject officers, other officers, crime victims not making misconduct claims against the three defendant officers, and witnesses not making claims against the three defendant officers, such as home addresses, Social Security numbers, birth dates, names of relatives, and references, as well as any records or materials demonstrating the physical condition of any of the three subject officers, as well as the psychological background examinations and reports. The producing parties are not, however, authorized to remove or redact any evaluations or reports, medical or otherwise, concerning the three subject officers' psychological condition or fitness for duty, if any, prepared within five years before the subject contact with the plaintiff.

12. The names and addresses of any complaining citizen witnesses about Sgt. Smith, Sr. Officer Madison and Officer Mitre in the possession of the Santa Paula Police Department shall be produced in accordance with the terms of this order.

13. All materials produced are to be Bates-stamped in consecutive order beginning with the number 1000.

14. If any of the documents or information derived from them produced pursuant to this order are utilized in any motion

4

proceeding or legal briefing, the materials or data derived from them shall be filed with the Court in a sealed manila envelope bearing the pleading caption page affixed to the front thereof, and entitled "Confidential Sealed Documents" and shall be accompanied by an application seeking permission to file such documents under seal pursuant to the procedures set forth in Local Rule 79-5. The parties are expressly cautioned, however, that in filing such an application pursuant to Local Rule 79-5, this order, in and of itself, creates no basis for filing, or entitlement to file, under seal any information, documents, or things designated as confidential material by the parties. Accordingly, reference to this order or to the parties' designation of any information, document, or thing as confidential material is wholly insufficient to warrant filing under seal. **Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as confidential material does not -- without the submission of competent evidence establishing the confidential, proprietary, and/or trade secret nature of the material sought to be filed under seal -- establish good cause.**

15. Upon failure of a filing party to comply with the requirements of paragraph 14 above, the producing party may then request, by ex parte application and with a showing -- based upon competent evidence -- of good cause, that the Court order the placement of the filing under seal.

16. In the event that the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this order becomes public and will be presumptively available to all members of the public,

including the press, *upon its admission into evidence at trial* **unless sufficient cause is shown in advance of trial to proceed otherwise**.

17. In the event the federal causes of action are dismissed or resolved against the plaintiff, and there should be remaining state-law causes of action which plaintiff might choose to file in state court, receipt of these documents and any data derived from them is still subject to the restrictions and prohibitions of this order.

18. The materials and information derived from them produced pursuant to this order may be utilized in depositions taken in connection with the subject litigation but no other litigation. In each deposition taken in connection with this subject litigation, any examination or use of the materials produced subject to this order, or any data or information derived from these materials, shall be in a separately bound deposition volume in which this order shall appear as the first document and, further, that that volume be marked "Confidential — Not for Dissemination" on the front of the deposition booklet.

19. Confidential material under this order shall be used solely in connection with this subject litigation and the preparation and trial of this case, or any related appellate proceeding, but not for any other purpose, including any other litigation.

20. During any deposition taken in connection with the subject litigation, witnesses may have the documents and data derived from them disclosed to them during the deposition pro-ceedings, but no witness may leave a deposition with copies of the

1 documents or data derived from them, and any such witness shall be
2 bound by the provisions of this order.
3     21.  Before being shown, or examined concerning, the materials
4 produced subject to this order, and before being shown, or examined
5 concerning, any data derived from those materials, each witness at
6 a deposition must first agree on the record or in writing that he
7 or she has read this order and that he or she understands the
8 provisions of the order and will abide by it.
9     22. Violation of the provisions of this order may be
10 punishable both by contempt proceedings and by evidentiary and
11 terminating sanctions, subject to the discretion of the federal
12 court, either on motion of an aggrieved party or *sua sponte*.
13 Pursuant to the parties' stipulation, during any such proceeding,
14 a rebuttable presumption of revelation by or on behalf of plaintiff
15 shall arise, but only with respect to any evidentiary sanction.
16     23.  This order is without prejudice to the right of any party
17 to apply to the Court for a further protective order relating to
18 any confidential material or relating to discovery in this
19 litigation, to apply to the Court for an order compelling
20 production of documents, or for modification of the order, or for
21 an order, supported by good cause, permitting disclosure of
22 confidential material beyond the terms of this order.
23     24.  In order to enable defendants to prepare a motion in
24 limine to exclude from trial any materials or data produced
25 pursuant to this order, plaintiff must give written notice by fax,
26 e-mail, or personal delivery of which Bates-stamped pages he
27 intends to offer in trial, no later than March 9, 2010.
28     25.  Plaintiff cannot claim exigency or justification as a

1  basis for departing from this order; only a court order, based upon
2  good cause, can justify non-compliance herewith.
3
4       **IT IS SO ORDERED.**
5
6  Dated: October 23, 2009                    _____/s/_____
                                                   MARGARET A. NAGLE
7                                              UNITED STATES MAGISTRATE JUDGE

8