Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>    Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 [TO EXCLUDE ENTITY ISSUE EVIDENCE IN LIABILITY PHASE]**<br><br>Date:  May 3, 2010<br>Time:  3:00 p.m.<br>Ctrm:  840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding all entity liability evidence from the first phase of the trial (which will ascertain the existence or absence of a constitutional violation).

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010.  This meeting, held telephonically, was

1 informed by defendants having electronically transmitted the exact text of the first 17
2 motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated
3 that he was not yet in a position to concede any of these, although he acknowledged
4 their receipt on March 16, 2010.

5 Defendants request the Court to trifurcate the trial into three phases.  The first
6 phase would ascertain the existence or absence of an underlying constitutional
7 violation.  If there were such a violation, the second phase would determine the
8 amount of compensatory damages and the availability and amount of punitive
9 damages.  The third phase would address the existence of the *Monell* factors.

10 Separating out the entity liability formulation is well recognized in circuit
11 precedent.  Such an order serves three purposes.  First, it avoids the prejudice to the
12 individual defendants which would occur if all departmental instances of alleged
13 excessive force were admitted in evidence in the case against them.  It is likely that
14 a juror would translate resentment at what appears to be a plethora of potential
15 constitutional violations into animus against the named defendants.  Second, the
16 Supreme Court has held that in the absence of an underlying constitutional violation,
17 the entity cannot be liable; so if the jury returns a phase one verdict in favor of the
18 individual defendants, a great deal of time and effort is avoided in trying the next two
19 phases.   Finally, the elements of the so-called *Monell* formulation are varied and
20 complex; instructing the jury about these in a phase one trial where reasonableness is
21 the only issue to be decided creates a complex multi-element overlay which could
22 easily confuse and delay the jury in reaching its verdict about liability or non-liability
23 of the individual officers.

24 In *Quintanilla v. City of Downey*, 84 F.3d 353 (9th Cir. 1996), graphic evidence
25 of injuries from unrelated incidents and training techniques, offered to show that the
26 police department's K-9 policy was unconstitutional, was held excludable as
27 premature in the first stage of the arrestee's bifurcated §1983 trial.  The only issue to
28 be resolved was whether the individual officers' use of the K-9 unit against the

arrestee was constitutionally violative or not. The proffered evidence about unrelated incidents could have unfairly prejudiced the defendants and confused the jury as it considered the individual officers' actions.

In *Quintanilla*, the district court, under Federal Rule of Civil Procedure 42(b), in the interest not only of convenience and judicial economy but also the avoidance of potential prejudice and confusion, bifurcated the trial of the individual police officers from the chief and the city. 84 F.3d at 356. The bifurcation order enabled the district court to separate the questions regarding the constitutionality of the three officers' actions from questions regarding the city and the chief's liability under *Monell*. The Ninth Circuit held that the plaintiff was not entitled to circumvent the bifurcation and evidentiary rulings by voluntarily dismissing the three individual officers and proceeding to demonstrate the existence of a policy "using evidence of attacks more severe than his own." Under a United States Supreme Court decision and general rules of §1983 liability, an individual is permitted to recover only when that individual's rights have been violated — no plaintiff can piggyback on potential constitutional violations against others.

In *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999), the bifurcated trial of an arrestee's §1983 claims was not an abuse of discretion. A trial against the city and the police department would be unnecessary if the jury found no liability against the individual officers who allegedly used excessive force against the arrestee. Without such an order, the arrestee might have introduced evidence of personnel records and of excessive force claims against the department which was otherwise inadmissible against and prejudicial to the individual defendant officers. 170 F.3d at 316. At 320, the Second Circuit stated, "Our holding today is informed, in part, by the frequent bifurcation of proceedings where a plaintiff has initiated a §1983 action against individual officials and municipal entities."

It is therefore respectfully requested that the Court enter a trifurcation order and, as a corollary thereof, enter an order excluding all reference to and evidence of

matters outside the circumstances of the contact between the individual officers and the plaintiff on the occasion in question.  Such an order would exclude, but not be limited to, the officers' personnel records, complaints of any other citizens, actions of other officers on other occasions, actions of these officers on other occasions, training materials and records, and the punitive damages issues (such as asking the jury to send a message).

Dated: April ____, 2010

LAW OFFICES OF ALAN E. WISOTSKY

By:_____
JEFFREY HELD
Attorneys for Defendants, CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, CARLOS MITRE, CODY MADISON, and RYAN SMITH