1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:   (805) 278-0920
4  Fax:   (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MAX VILLANUEVA VASQUEZ, an )        No. CV 09-02590 DSF (MANx)
    individual,                )
12                             )        **DEFENDANTS' MOTION IN**
                Plaintiff,     )        **LIMINE NO. 2 [TO EXCLUDE**
13                             )        **PLAINTIFF'S CRIMINAL**
         v.                    )        **PROSECUTION AND ITS**
14                             )        **DISMISSAL]**
    THE CITY OF SANTA PAULA,   )
15  et al.,                    )        Date: May 3, 2010
                               )        Time: 3:00 p.m.
16              Defendants.    )        Ctrm: 840 Roybal
                               )

17

18  TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

19  OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

20       PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

21  defendants will move the Honorable Dale S. Fischer, United States District Judge, for

22  an order in limine to exclude evidence and argument concerning the fact that the

23  plaintiff was criminally prosecuted and the fact that the criminal prosecution was

24  dismissed.

25       In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and

26  Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey

27  Held, conducted their prefiling conference relating to this and all of defendants'

28  motions in limine on March 23, 2010.  This meeting, held telephonically, was

                                        1

1  informed by defendants having electronically transmitted the exact text of the first 17
2  motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated
3  that he was not yet in a position to concede any of these, although he acknowledged
4  their receipt on March 16, 2010.

5  Even evidence of an acquittal is generally not admissible in a subsequent civil
6  action between the same parties, because it constitutes a negative sort of conclusion
7  lodged in a finding of failure of the prosecution to sustain the burden beyond a reason-
8  able doubt.  *Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1988).  If evidence
9  of the cost of the criminal defense is part of the plaintiff's claimed damages in the
10 §1983 case, then the plaintiff can either solicit a stipulation from the defendants
11 stating the amount of those damages or make a brief presentation to the Court outside
12 the presence of the jury.  The amount of the damages expended in defending the
13 criminal case successfully is wholly distinct from the issue of reasonable cause to use
14 force and to arrest.

15 Prosecutors dismiss cases in the interests of justice all the time for reasons
16 extraneous to presence or absence of reasonable cause to have arrested the plaintiff
17 or to have used force against him.  Some of these reasons include different standards
18 for the burden of proof (reasonable doubt versus more likely than not), unavailability
19 of evidence or witnesses, and press of business burdening the prosecutor's office.  But
20 there is a substantial prejudicial impact when the average juror hears that the
21 prosecutor dropped the case — the instinctive reaction is that there must not have been
22 enough evidence to go forward or that the police case was weak.

23 Even if evidence of an acquittal is relevant, this evidence should be excluded
24 if its probative value is substantially outweighed by the likelihood of unfair prejudice.
25 *Borunda*, 885 F.2d at 1388.  Where the results of a criminal trial are not at issue, the
26 potential for prejudice is not insubstantial.  *Id.*  The Ninth Circuit elaborated:

27 This court would have been inclined to exclude the
28 evidence of acquittals altogether. The fact that plaintiffs had

2

1  been previously acquitted in the criminal case is far removed
2  from establishing whether probable cause existed for their
3  arrests. The state's failure to prove guilt beyond a
4  reasonable doubt does not mean in connection with the
5  arrests that it did not meet the lesser probable cause standard
6  — a reasonable belief that an offense has been committed
7  and that the criminal defendant committed the crime.

885 F.2d at 1389.

It stands to reason that if a more powerful type of evidence in favor of the civil plaintiff — acquittal — is inadmissible, so also is the less persuasive brand of similar evidence — dismissal of charges. Dismissal of charges has no preclusive effect under California law. Under California law, initial dismissal for lack of probable cause is never a binding determination of lack of probable cause. In some instances, even a second dismissal is not binding. *De Anda v. City of Long Beach*, 7 F.3d 1418, 1422 (9th Cir. 1993). The Ninth Circuit stated, "[T]he dismissal of De Anda's criminal charges does not make the existence of probable cause more or less likely." *Id.* at 1422. Charges can be dismissed because certain witnesses and physical evidence are unavailable on the day of a preliminary hearing.

It is therefore requested that the Court grant this in limine motion, excluding all evidence of a criminal prosecution against the plaintiff arising from the events in question of April 15, 2007, and the result of the criminal prosecution.

Dated: April ____, 2010          LAW OFFICES OF ALAN E. WISOTSKY


                                 By:_____
                                    JEFFREY HELD
                                    Attorneys for Defendants, CITY OF
                                    SANTA PAULA, SANTA PAULA
                                    POLICE DEPARTMENT, STEVE
                                    MacKINNON, CARLOS MITRE,
                                    CODY MADISON, and RYAN SMITH