1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:   (805) 278-0920
4  Fax:   (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MAX VILLANUEVA VASQUEZ, an ) No. CV 09-02590 DSF (MANx)
   individual,                  )
12                              ) **DEFENDANTS' MOTION IN**
            Plaintiff,          ) **LIMINE NO. 3 [TO EXCLUDE**
13                              ) **PRIOR OR SUBSEQUENT**
       v.                       ) **USES OF FORCE BY ANY OF**
14                              ) **THE INDIVIDUAL DEFEN-**
   THE CITY OF SANTA PAULA,     ) **DANT OFFICERS]**
15 et al.,                      )
                                ) Date: May 3, 2010
16          Defendants.         ) Time: 3:00 p.m.
                                ) Ctrm: 840 Roybal
17 _____)

18

19 TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

20 OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

21      PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

22 defendants will move the Honorable Dale S. Fischer, United States District Judge, for

23 an order in limine excluding all argument and evidence concerning previous or later

24 applications of force by the individual defendant officers, Mitre, Madison, or Smith,

25 outside of the subject contact with the plaintiff.

26      In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and

27 Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey

28 Held, conducted their prefiling conference relating to this and all of defendants'

1

motions in limine on March 23, 2010. This meeting, held telephonically, was informed by defendants having electronically transmitted the exact text of the first 17 motions in limine to plaintiff's counsel on March 16, 2010. Plaintiff's counsel stated that he was not yet in a position to concede any of these, although he acknowledged their receipt on March 16, 2010.

The Ninth Circuit addressed this issue in *Duran v. City of Maywood*, 221 F.3d 1127 (9th Cir. 2000). The district court did not abuse its discretion in excluding evidence about another shooting in which the defendant officer was involved just three days after the subject shooting.

The admissibility of other-acts evidence is governed by Federal Rule of Evidence 404(b). Evidence of other wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. There is a five-part test to determine the admissibility of such evidence. There must be sufficient proof to find that the defendant committed the other act. The other act must not be too remote in time. The other act must be introduced to prove a material issue in the present case. The other act must be similar to the offense charged in the instant case. Even if all four conditions were met, the evidence is still excludable if, under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. 221 F.3d at 1133.

The Ninth Circuit has held that other-acts evidence, described by Rule 404(b), also includes prior and subsequent acts. 221 F.3d at 1133. In *Duran*, the district court stated that even if all the factors under Rule 404(b) were met, the evidence would be excluded anyway under Rule 403. First, the marginally probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Second, in order to admit evidence of the other shooting, the court would have had to have conducted a full-blown trial within the trial to inquire into the other incident.

Patrol officers spend thousands of hours responding to dangerous situations in which violence is the rule — domestic violence attacks, robberies, emotionally

2

disturbed persons acting out, and so forth. The issue in this case is not what the officers did on other occasions, or to spend the jury's time combing through the details of every other act of force utilized by these two patrol officers, Mitre and Madison, but, rather, to inquire in depth into the facts and circumstances giving rise to the present lawsuit. As the *Duran* court observed, what these officers did months or years earlier or later in other circumstances says very little, if anything, about what happened in the subject incident. The Ninth Circuit has expressed a strong preference, in *United States v. Geston*, 299 F.3d 1130 (9th Cir. 2002), for excluding evidence of other violent incidents in favor of an in-depth exploration of the facts of the present case.

The *Geston* court upheld the district court's in limine decision refusing to admit evidence that the alleged victim was previously involved in two violent incidents after drinking alcohol. Federal Rule of Evidence 404(a) prohibits introduction of evidence of a person's character or a trait of character for the purpose of proving action in conformity therewith on the occasion in question. Specific bad-acts evidence is not admissible except upon an offer of proof indicating that it will attack the witness's credibility by being probative of the witness's character for untruthfulness or by challenging the witness's credibility. If none of the prior or subsequent incidents involving the individual constitutes conduct probative of truthfulness or credibility, the district court does not abuse its discretion in excluding the proffered evidence. Other-acts evidence, including prior and subsequent violent conduct, are inadmissible to prove what happened on the occasion in question.

It is therefore respectfully requested that the Court exclude any reference to or evidence concerning force utilized by any of the individual officers, Madison, Smith,

/ / /
/ / /
/ / /
/ / /

3

1  and Mitre, on any occasions before or after the subject contact with the instant
2  plaintiff.

4         Dated: April ____, 2010

5                                                  LAW OFFICES OF ALAN E. WISOTSKY

7                                                  By:_____
                                                      JEFFREY HELD
8                                                     Attorneys for Defendants, CITY OF
                                                      SANTA PAULA, SANTA PAULA
9                                                     POLICE DEPARTMENT, STEVE
                                                      MacKINNON, CARLOS MITRE,
10                                                    CODY MADISON, and RYAN SMITH