1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:    (805) 278-0920
4  Fax:    (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MAX VILLANUEVA VASQUEZ, an )      No. CV 09-02590 DSF (MANx)
    individual,                )
12                             )      **DEFENDANTS' MOTION IN
              Plaintiff,        )      LIMINE NO. 4 [TO EXCLUDE
13                             )      EVIDENCE OF LESSER
         v.                    )      INTRUSIVE ALTERNATIVES
14                             )      TO THE FORCE ACTUALLY
    THE CITY OF SANTA PAULA,   )      UTILIZED]**
15  et al.,                    )
                               )      Date:  May 3, 2010
16            Defendants.       )      Time:  3:00 p.m.
                               )      Ctrm:  840 Roybal
17  _____)

18

19  TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

20  OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

21       PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

22  defendants will move the Honorable Dale S. Fischer, United States District Judge, for

23  an order in limine excluding all argument and evidence concerning lesser intrusive

24  alternatives to the force actually utilized against the plaintiff on the occasion in

25  question.

26       In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and

27  Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey

28  Held, conducted their prefiling conference relating to this and all of defendants'

                                    1

1   motions in limine on March 23, 2010.  This meeting, held telephonically, was
2   informed by defendants having electronically transmitted the exact text of the first 17
3   motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated
4   that he was not yet in a position to concede any of these, although he acknowledged
5   their receipt on March 16, 2010.

6       The question to be answered by the jury in a §1983 case alleging excessive
7   force is whether the force actually utilized was or was not reasonable, not, on the other
8   hand, whether another, more reasonable method of bringing the situation under
9   control can be conjured up years after the fact.  The Ninth Circuit has excluded
10  evidence and argument concerning lesser intrusive alternatives available to the officer
11  on four occasions.

12      In *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994),  the Ninth Circuit
13  explained:

14              Plaintiff argues that the officers should have used
15          alternative measures before approaching and knocking on
16          the door where Scott was located.  But, as the text of the
17          Fourth Amendment indicates, the appropriate inquiry is
18          whether the officers acted reasonably, not whether they had
19          less intrusive alternatives available to them. [Citations.]
20          Requiring officers to find and choose the least intrusive
21          alternative would require them to exercise superhuman
22          judgment.  In the heat of battle with lives potentially in the
23          balance, an officer would not be able to rely on training and
24          common sense to decide what would best accomplish his
25          mission.   Instead, he would need to ascertain the least
26          intrusive alternative (an inherently subjective determination)
27          and choose that option and that option only. Imposing such
28          a  requirement  would  inevitably  induce  tentativeness  by

2

1
2
3
4

> officers, and thus deter police from protecting the public
> and themselves.  It would also entangle the courts in endless
> second-guessing of police decisions made under stress and
> subject to the exigencies of the moment.

5  *Scott*, 39 F.3d at 915.

6       The *Scott* court also stated, "Officers thus need not avail themselves of the least

7  intrusive means of responding to an exigent situation; they need only act within that

8  range of conduct we identify as reasonable."  *Id*.  The Ninth Circuit addressed the

9  issue again in *Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir. 1994).  The Ninth

10  Circuit there stated:

11
12
13
14
15
16
17
18
19
20
21
22

> Despite these governmental interests, the
> demonstrators argue that dragging and carrying was a more
> reasonable means of accomplishing the city's goals and
> therefore contend that any other method was excessive.
> Police officers, however, are not required to use the least
> intrusive degree of force possible.  Rather, as stated above,
> the inquiry is whether the force that was used to effect a
> particular seizure was reasonable, viewing the facts from the
> perspective of a reasonable officer on the scene.  [Citation]
> Whether officers hypothetically could have used less
> painful, less injurious, or more effective force in executing
> an arrest is simply not the issue.

23  *Forrester*, 25 F.3d at 807-808.

24       The Ninth Circuit reaffirmed this rule in *Billington v. Smith*, 292 F.3d 1177,

25  1189 (9th Cir. 2002).  The *Billington* court, in describing *Scott v. Henrich*, stated that

26  even though the officers might have had less intrusive alternatives available to them,

27  and under departmental guidelines should have developed a tactical plan instead of

28  attempting an immediate seizure, police officers need not avail themselves of the least

intrusive means of responding.  They need only act within that range of conduct which is reasonable.  The *Billington* court emphasized that courts must allow for the fact that officers are forced to make split-second decisions.  Even expert witness reports for the plaintiffs stating that the officers should have done other things rather than what they did, such as calling and waiting for backup, rather than taking immediate action, is not evidence which can be considered in the reasonableness matrix.

Most recently, in *Mattos v. Agarano*, 590 F.3d 1082 (9th Cir. 2010), the court stated, "Although there may have been alternative methods of forcefully moving Jayzel out of the way, officers are not required to use the least amount of force necessary."  590 F.3d at 1088-1089.  This rule follows from the accepted premise that the reasonableness of any particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  *Id*. at 1088.   Police officers are often forced to make split-second judgments in circumstances which are tense, uncertain, and rapidly evolving about the amount of force which is necessary in a particular situation.  *Id*.  To allow plaintiffs' attorneys, experts, or other witnesses to second-guess officers would be to do just that — to inject the 20/20 wisdom of hindsight second-guessing of difficult decisions made under tense circumstances.  Eschewing a "Monday morning quarterback" approach, the Eighth Circuit stated:

> Appellant [plaintiff] next argues that the district court erred in excluding evidence that the officers should have responded in a different manner, or that the officers should have used a lesser degree of force. However, the Fourth Amendment does not allow this type of "Monday morning quarterback" approach because it only requires that the seizure fall within a range of objective reasonableness. [Citation] ¶ The Constitution, however, requires only that the seizure be objectively reasonable, not that the officer pursue

4

1         the most prudent course of conduct as judged by 20/20

2         hindsight vision.

3    *Schulz v. Long*, 44 F.3d 643, 649 (8th Cir. 1995).

4         It is therefore respectfully requested that the Court exclude all reference to and

5    evidence of arguably better, more reasonable, or less injurious alternatives to the force

6    actually utilized.

7

8         Dated:  April ____, 2010

9                                   LAW OFFICES OF ALAN E. WISOTSKY

10

11                       By:_____

12                           JEFFREY HELD
                             Attorneys for Defendants,
13                           CITY OF SANTA PAULA, SANTA
                             PAULA POLICE DEPARTMENT,
14                           STEVE MacKINNON, CARLOS MITRE,
                             CODY MADISON, and RYAN SMITH

15

16

17

18

19

20

21

22

23

24

25

26

27

28