Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:    (805) 278-0920
Fax:    (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>  Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 5 [EXCLUDING HIRING, BACKGROUND, AND EMPLOYMENT RECORDS OF THE INDIVIDUAL OFFICERS]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding the background histories of the individual officers, Mitre, Madison, and Smith, from any phase one determination of liability — that is, the existence or absence of an unreasonable seizure.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants'

1

motions in limine on March 23, 2010. This meeting, held telephonically, was informed by defendants having electronically transmitted the exact text of the first 17 motions in limine to plaintiff's counsel on March 16, 2010. Plaintiff's counsel stated that he was not yet in a position to concede any of these, although he acknowledged their receipt on March 16, 2010.

The evidence and arguments sought to be excluded by this motion include hiring and background records of the individual officers, performance evaluations, employment records, psychological testing, internal affairs investigations, discipline against the individual officers, and any developments in their police or non-police employment.

The Ninth Circuit requires exclusion of any hiring and background records of the individual officers as not predictably demonstrating a proximate causal link to the alleged violation which occurred in the instant case. Internal affairs investigations, citizens' complaints, psychological background tests, discipline by non-police employers, and performance evaluations on the job as a police officer have no predictable causal nexus to the conduct being challenged in the subject litigation.

In *Van Ort v. Stanewich*, 92 F.3d 831 (9th Cir. 1996), a police officer who had seen a safe with valuable jewelry while executing a search warrant earlier in the day returned to torture the combination out of the homeowners. The plaintiffs provided a detailed description of the officer's "considerable disciplinary record." *Id*. at 837. Citizens had brought numerous complaints against the officer for years of excessive and improper force and unwarranted violence in arrests and detentions. At least three of the complaints were sustained. He was also caught engaged in unauthorized surveillances in violation of workplace rules, for which he received a reprimand from a superior, who wrote that he was not confident that the officer possessed the sophistication in his judgment capability necessary to function in his job duties.

Yet all of these background infractions did not show that the municipality could have foreseen the officer's actions. This foreseeability would have established the

necessary causal link which would demonstrate municipal liability.  Even though his disciplinary record may have placed his supervisors on alert that he could be a violent man prone to using excessive force while performing his duties, the municipality could not have foreseen that he would turn brutal.  His unforeseeable private acts broke the chain of proximate cause connecting the municipality or its negligence to the plaintiffs' injuries.

The *Van Ort* court rejected the argument that there was "a constitutional right to be free from constitutional deprivations by private actors when the state 'somehow' causes the deprivations through inadequate hiring, training, or supervision." 92 F.3d at 836.  The government action must be the proximate cause of the §1983 injury.  Intervening causation precludes entity liability for negligent hiring or supervision. *Id*. at 837.

In *McDade v. West*, 223 F.3d 1135 (9th Cir. 2000), it was argued that multiple disciplinary actions taken by the employer, a district attorney's office, against an employee who misused her private computer access to locate her husband's former spouse, should have been admissible to prove the employee's predictable misbehavior.  The violent employee threw a rock through the windshield of the plaintiff's car while she was in the automobile.  She was prosecuted by the Attorney General for that offense and pled guilty to vandalism.  Her supervisor counseled her as a result of the criminal conviction, and she was fined and placed on probation.  Just a few months later, the offending employee attacked the plaintiff in a bar.  Although not prosecuted for that offense, her supervisors were informed of the altercation.  She was ordered to pay restitution and was placed on probation.

Nevertheless, these instances were held insufficient to demonstrate a direct causal link to any municipal policy or custom.  The plaintiff therefore failed to show that the municipality could have foreseen the disclosure of unauthorized records after being informed of the employee's violent tendencies toward the plaintiff.  There was no evidence that the government should have drawn a logical connection between the

1 two. Therefore, there was no proximate causality between the municipality's acts and
2 the offending employee's misconduct.

3 If the long, founded disciplinary records of the offending employees in *Van Ort*
4 and *McDade* were not sufficient to establish municipal causation, the fairly pristine
5 records of the three officers sued individually in this case are even more compelling
6 for exclusion of personnel records. Nothing in the background files, disciplinary
7 history, or complaints suggests that these three officers gave clear clues or even
8 telltale indicators of future misconduct. This being the case, their hiring and back-
9 ground records, performance evaluations, psychological testing, potential discipline,
10 complaints, and the like have no bearing on the case and would not even be relevant
11 in the *Monell* phase. Therefore, they are clearly not admissible in the underlying
12 phase one trial to ascertain the existence or absence of a constitutional violation.

13 It is therefore respectfully requested that the Court grant this in limine request
14 and exclude all reference and argument to the three individual officers' hiring and
15 background records, psychological testing, performance evaluations, internal affairs
16 investigations, disciplinary record, and police and non-police employment history.

18 Dated: April ____, 2010

19 LAW OFFICES OF ALAN E. WISOTSKY

21 By:_____
22 JEFFREY HELD
Attorneys for Defendants, CITY OF
SANTA PAULA, SANTA PAULA
23 POLICE DEPARTMENT, STEVE
MacKINNON, CARLOS MITRE,
24 CODY MADISON, and RYAN SMITH