1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:   (805) 278-0920
4  Fax:   (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 MAX VILLANUEVA VASQUEZ, an )      No. CV 09-02590 DSF (MANx)
   individual,                )
12                            )      **DEFENDANTS' MOTION IN
              Plaintiff,       )      LIMINE NO. 6 [TO EXCLUDE
13                            )      EVIDENCE THAT OFFICER
       v.                     )      MITRE IS NO LONGER
14                            )      EMPLOYED BY THE DEFEN-
   THE CITY OF SANTA PAULA,   )      DANT MUNICIPALITY]**
15 et al.,                    )
                              )      Date:  May 3, 2010
16            Defendants.      )      Time:  3:00 p.m.
                              )      Ctrm:  840 Roybal
17                            )
                              )
18

19 TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

20 OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

21        PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

22 defendants will move the Honorable Dale S. Fischer, United States District Judge, for

23 an order in limine excluding any reference or evidence to the effect that individual

24 defendant Carlos Mitre is no longer employed by the Santa Paula Police Department

25 or that he left service there.

26        In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and

27 Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey

28 Held, conducted their prefiling conference relating to this and all of defendants'

                                    1

motions in limine on March 23, 2010.  This meeting, held telephonically, was informed by defendants having electronically transmitted the exact text of the first 17 motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated that he was not yet in a position to concede any of these, although he acknowledged their receipt on March 16, 2010.

Sometime after the events giving rise to this lawsuit, and having nothing to do with the events giving rise to this lawsuit, Carlos Mitre, an individual defendant in this case, decided to apply to be a police officer at another agency, the Oxnard Police Department.  He was hired by the Oxnard Police Department and went to work there. His decision to leave the Santa Paula Police Department had nothing to do with the facts of this case at all.  There was never an internal affairs investigation of the events surrounding this litigation and, therefore, certainly no employment discipline. Former officer Mitre simply determined that the salary and opportunities at the other police agency would be better for him.

This evidence of his no longer being employed by the Santa Paula Police Department would be substantially more prejudicial than probative to Officer Mitre. It has no probative value whatsoever to ascertaining whether there was a constitutional violation of the plaintiff's rights in the facts and circumstances of the present encounter.  Yet knowledge by the jury that Officer Mitre ceased to work for the Santa Paula Police Department after this incident would subconsciously invite post hoc ergo propter hoc reasoning — "after this, therefore because of this."  The jury would be tempted to short-circuit the complex array of factual nuances which should inform its decision about the existence or absence of a constitutional violation by taking a shortcut and reasoning that if Officer Mitre left the department after the use of force involved in this case, he must have done so because of the use of force in this case. The jury would be tempted to use this departure from the municipal police force of a named defendant in the instant case, as a kind of makeweight argument against the defendants in general and Officer Mitre in particular.

1    In *Palmquist v. Selvik*, 111 F.3d 1332 (7th Cir. 1997), the exclusion of evidence

2  that the decedent had recently expressed a desire to die was proper, even though he

3  ended up committing what the defendant officers characterized as "suicide by police."

4    Even though the exclusion rendered inadmissible a quite logical explanation for

5  the events in question, 111 F.3d at 1340, the excluded evidence would have shifted

6  the jury's attention from the circumstances of the police encounter on scene to a very

7  marginal and extraneous inquiry.  Ultimately, evidence of the desire to commit suicide

8  by police does not tend to make  more or less probable the existence of any fact

9  material to the objective reasonableness test in the facts and circumstances confronting

10  the officers on the subject occasion.  *Id*. at 1341.

11    Federal Rule of Evidence 403 allows exclusion of evidence whose prejudicial

12  or time-consuming effect dramatically outweighs its benefit to the trier of fact.  It will

13  avail the jury nothing to know that several months after the contact forming the basis

14  of this lawsuit, one of the officers decided to change departments.  While that decision

15  had absolutely nothing to do with the facts of this encounter, even if it had, that would

16  still cast no light whatsoever upon who was right and who was wrong at 8:00 p.m. on

17  April 15, 2007.

18    It is therefore respectfully requested that the Court exclude all mention of the

19  fact that after the events in question, Officer Mitre left the Santa Paula Police

20  Department, joined another police department, is currently not employed by the

21  defendant police department or City, and that he is no longer employed as a police

22  officer at all.

23  Dated:  April ____, 2010          LAW OFFICES OF ALAN E. WISOTSKY

24

25                                       By:_____
                                           JEFFREY HELD
26                                         Attorneys for Defendants, CITY OF SANTA
                                           PAULA, SANTA PAULA POLICE DEPART
27                                         MENT, STEVE MacKINNON, CARLOS MITRE,
                                           CODY MADISON, and RYAN SMITH

28

3