Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>            Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 7 [TO EXCLUDE PRE-SEIZURE CONDUCT WHICH WAS NOT AN INDEPENDENT CONSTITU-TIONAL VIOLATION]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding all reference to and evidence of pre-seizure conduct by the officers which was not an independent constitutional violation.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010.  This meeting, held telephonically, was

1

informed by defendants having electronically transmitted the exact text of the first 17 motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated that he was not yet in a position to concede any of these, although he acknowledged their receipt on March 16, 2010.

Close attention is paid to the language from the landmark United States Supreme Court decision about police use of force that "With respect to a claim of excessive force, the standard of reasonableness *at the moment* applies . . . ." *Graham v. Connor*, 490 U.S. 386, 396 (1989) [emphasis added].  Further, the Supreme Court in *Graham* emphasized that the reasonableness of any particular use of force must be judged from the perspective of a reasonable officer on the scene forced to make split-second judgments in tense, uncertain, and rapidly evolving circumstances about the amount of force which is necessary in a particular situation.  Therefore, the 20/20 vision of hindsight does not come into play.

These statements about force "at the moment" of the seizure and not second-guessing what the officers might have done earlier, before the seizure, are strong indicia that the reasonableness inquiry extends only to the precise moment when the officer effectuates the seizure.  The Fourth Amendment prohibits only unreasonable seizures; it does not prohibit unreasonable or ill-advised conduct in general. Therefore, federal courts scrutinize only the seizure itself, rather than the events leading up to the seizure, for reasonableness under the Fourth Amendment.  *Schulz v. Long*, 44 F.3d 643, 648 (8th Cir. 1995).

Numerous federal appellate courts both before and after *Schulz* held to the same effect.  In *Bella v. Chamberlain*, 24 F.3d 1251, 1255 (10th Cir. 1994), it was held that federal courts scrutinize only the seizure itself, not the events leading up to the seizure.  In *Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992), it was held that pre-seizure conduct is not subject to Fourth Amendment scrutiny. The court in *Fraire v. City of Arlington*, 957 F.2d 1268, 1275-1276 (5th Cir. 1992), rejected as irrelevant evidence that police officers manufactured the circumstances which gave rise to the

seizure. In *Greenidge v. Ruffin*, 927 F.2d 789, 792 (4th Cir. 1991), the court excluded as §1983 irrelevant evidence that the officer could have obviated the need to use force by stopping at the police station to obtain another item of equipment.

Pre-seizure conduct not constituting an independent constitutional violation has also been rejected by courts after *Schulz*. When considering a charge of excessive force under the Fourth Amendment, evidence outside of the time frame of the seizure is irrelevant and prejudicial. *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997). The reception of evidence or any information beyond that which the officer had and reasonably believed at the time he seized the plaintiff is improper, irrelevant, and prejudicial to the determination of whether the officer acted reasonably under the circumstances. *Id*. at 1340.

In *Gardner v. Buerger*, 82 F.3d 248, 251-252 (8th Cir. 1996), the court stated:

> We are careful not to indulge in armchair quarterbacking or exploit the benefits of hindsight when evaluating police officers' use of . . . force. It may appear, in the calm aftermath, that an officer could have taken a different course, but we do not hold the police to such a demanding standard. [Citation] Police officers have tough jobs, and the "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving . . . ." [Citation] ¶ . . . And as the District Court correctly observed, our analysis focuses on the reasonableness of the seizure itself . . . and not on the events leading up to it.

*Gardner*, 82 F.3d at 252.

/ / /

Quite recently, the Tenth Circuit held to the same effect in *Thomson v. Salt*

3

*Lake County*, 584 F.3d 1304 (10th Cir. 2009). The conduct of the officers before a suspect threatens force is relevant only if it is immediately connected to the threat of force. *Id*. at 1320.

The Ninth Circuit has held that an officer's pre-seizure conduct is relevant if it "is an independent constitutional violation." *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002). The officer's prior action must be, in and of itself, an independent constitutional provocation. In that case, the plaintiff did not establish that the officer "committed an independent Fourth Amendment violation." *Id*. at 1191.

It is therefore respectfully requested that the Court exclude in limine all reference to and evidence of the officers' alleged pre-seizure misconduct. Only the circumstances directly connected to the arrival of officers Mitre and Madison at the residence on Fillmore Street in Santa Paula at approximately 8:00 p.m., immediately preceding the confrontation with the plaintiff, and the confrontation itself, are relevant to the jury's analysis. Criticism of the officers for not having done more to have obviated the situation before or after their arrival would have nothing to do with their conduct in investigating and handling the situation resulting in the application of force against the plaintiff.

Dated: April \_\_\_\_, 2010

                                      LAW OFFICES OF ALAN E. WISOTSKY

                                      By:_____
                                            JEFFREY HELD
                                            Attorneys for Defendants, CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, CARLOS MITRE, CODY MADISON, and RYAN SMITH

4