Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SANTA PAULA, et al., <br><br> Defendants. | No. CV 09-02590 DSF (MANx) <br><br> **DEFENDANTS' MOTION IN LIMINE NO. 10 [TO EXCLUDE POTENTIAL FOR INDEMNIFICATION]** <br><br> Date: May 3, 2010 <br> Time: 3:00 p.m. <br> Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding evidence of the potential for indemnification.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010. This meeting, held telephonically, was informed by defendants having electronically transmitted the exact text of the first 17

1

motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated that he was not yet in a position to concede any of these, although he acknowledged their receipt on March 16, 2010.

The jury is to determine whether the officers violated the plaintiff's federally protected civil rights; it will not be helpful to that analysis for the jury to know whether any damages which it imposes may or may not be paid for by some other source, such as a joint powers pooling agency or an insurance carrier.

The leading Ninth Circuit decision in this regard is *Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994).  In that case, the district judge thought that the average juror would be predisposed to favor police officers or defendants, so she thought to make up for that perceived bias by sua sponte instructing the jury that any damages imposed would be paid for by the municipality or its insurer.  Even aside from the lack of foundation for such a belief — that jurors favor police officers or defendants — and the uncertainty of whether the municipality or an insurance company will pay for any damages imposed (since the defense may be given under a reservation of rights, there may be coverage limits issues, or the municipality or the insurer may simply not function as it should because it declares bankruptcy or recklessly decides not to pay the judgment), the Ninth Circuit simply determined that payment of the judgment is not the issue in the underlying civil rights trial — violation of constitutional rights is the issue.

The Ninth Circuit stated:

> It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction. [Citation] Unless the fact that the [party] is insured or otherwise indemnified is a material issue in the case, or unless the prejudicial effect has been cured by an

|   |   |
|---|---|
| 1 | admonition or instruction to the jury to disregard it, it has |
| 2 | been almost universally held that the receipt of such |
| 3 | evidence constitutes prejudicial error sufficient to require |
| 4 | reversal. We see no reason to depart from this rule in the |
| 5 | context of a §1983 action. |

16 F.3d at 1518-1519.

The Ninth Circuit emphasized that all efforts of the district court should be directed toward removing potentially distracting considerations, not introducing them. 16 F.3d at 1519. Instructions about indemnification only open the door to such distractions. *Id*. The district judge's instruction about presumed indemnification in the *Larez* case actually created reverse sympathy against the officers — having been told that the individual defendant officer would not bear the burden of a damages award, the jury might have been tempted, out of sympathy for the plaintiff, to actually inflate the award beyond the amount necessary to compensate her since it would not fall on the shoulders of the individual defendant officers. The Ninth Circuit further observed that if it were to allow jurors in §1983 actions to be told that the government will indemnify the defendant, "we presumably should also allow the defendant to explain that any award paid by the government will come out of the people's taxes." *Id*. Then the whole trial would devolve, and instead of focusing the jury's attention on the existence or absence of a constitutional violation and the existence or absence of an injury, and its extent, the Ninth Circuit would be subjecting the jury to a flurry of largely irrelevant assertions and counter-assertions concerning who might or might not be financially harmed by any verdict. This is utterly impermissible. *Id*.

It is therefore respectfully requested that the Court enter an in limine order preventing either party from discussing the effects of a verdict or who will be

/ / /

/ / /

/ / /

required to pay how much as a result of any decision of the jury. Indemnification and insurance should be completely excluded from the trial of the action.

Dated: April ____, 2010

LAW OFFICES OF ALAN E. WISOTSKY

By:_____
JEFFREY HELD
Attorneys for Defendants, CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, CARLOS MITRE, CODY MADISON, and RYAN SMITH