Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>　　　　Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 11 [TO EXCLUDE GOLDEN RULE ARGUMENTS]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine preventing counsel and witnesses from utilizing the so-called golden rule method of testimony or argument.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010.  This meeting, held telephonically, was

1

1  informed by defendants having electronically transmitted the exact text of the first 17
2  motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated
3  that he was not yet in a position to concede any of these, although he acknowledged
4  their receipt on March 16, 2010.

5  This prohibited methodology asks the jury to do unto others as they would have
6  them do unto them, to place itself in the shoes of one of the parties.  It invites jurors
7  to lose their objectivity and imagine how they would feel if this activity happened to
8  them or to one of their loved ones.  The jury cannot be invited to lose its objectivity
9  or to place itself in the shoes of any of the parties.

10  The golden rule argument is universally condemned and is usually reversible
11  error.  *Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988).  A good recent
12  illustration of this golden rule problem occurred in *Von Dohlen v. State*, 602 S.E.2d
13  738, 743-745 (S.C. 2004).  The state Supreme Court reversed a murder conviction
14  because of egregious golden rule argument violations by the prosecutor in closing.

15  The prosecutor's closing argument urged jurors to place themselves "in
16  Margaret's shoes, size six."  The prosecutor cried while holding up one of the victim's
17  shoes during this argument.  The South Carolina Supreme Court explained, "The
18  solicitor's statements constitute a prohibited form of argument sometimes described
19  as a 'golden rule argument,' in which jurors are urged to place themselves in the
20  position of a party, a victim, or a victim's family member and decide the case from
21  that perspective."  602 S.E.2d at 743.  The effect of such an argument is to cause
22  jurors to decide a case based upon passion and prejudice instead of a reasoned,
23  impartial evaluation of evidence presented to them.

24  The state Supreme Court discussed a United States Supreme Court decision
25  from the World War II era where the high Court condemned an argument in a death
26  penalty case in which the prosecutor urged jurors to "place yourself in the position
27  that this girl was your own daughter, and go in and vote as though it were your own
28  daughter who had been raped."  *Id*. at 745.  Courts have uniformly condemned and

prohibited golden rule arguments in both criminal and civil settings. In a review of appellate decisions, the state Supreme Court discussed one where a conviction was reversed where the prosecutor used the terms "you" or "your" several dozen times, implicitly asking the jury to place itself in the place of the victim. A Seventh Circuit case, *United States v. Teslim*, was discussed in which it was held improper for prosecutors to urge jurors to place themselves in a party's shoes. 869 F.2d 316, 328 (7th Cir. 1989). Golden rule arguments are not allowed because they encourage the jury to depart from neutrality and decide the case on the improper basis of personal interest and bias.

Prohibited golden rule arguments are those in which the prosecutor asks a juror to imagine himself or someone he cares about being in the position of an injured person. The *Von Dohlen* court discussed a case entitled *State v. Carlson*, 559 N.W.2d 802, 811-812 (N.D. 1997), in which the golden rule argument was held improper and to be avoided in both civil and criminal actions.

Therefore, it is respectfully requested in this litigation that the district court exclude all references by either side, any witness, or counsel requesting the jurors to place themselves in the shoes or place of any of the parties in this case or their relatives. Any suggestions that the jurors should imagine how it would feel if, or what if this happened to you or a loved one, are foreign to the constitutionally relevant facts of whether a reasonable seizure did or did not occur.

Dated: April ____, 2010

        LAW OFFICES OF ALAN E. WISOTSKY

        By:_____
            JEFFREY HELD
            Attorneys for Defendants, CITY OF
            SANTA PAULA, SANTA PAULA
            POLICE DEPARTMENT, STEVE
            MacKINNON, CARLOS MITRE,
            CODY MADISON, and RYAN SMITH