Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>            Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 12 [EXCLUDING OFFICERS' SELF-CRITIQUE]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine prohibiting counsel from asking the officers to critique themselves or other officers.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010. This meeting, held telephonically, was

1

1  informed by defendants having electronically transmitted the exact text of the first 17
2  motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated
3  that he was not yet in a position to concede any of these, although he acknowledged
4  their receipt on March 16, 2010.

5  Any invitation to ask the officers how their use of force made them feel or
6  whether, in hindsight or retrospect, they thought they or their partners did the right
7  thing or the wrong thing, is completely improper post facto opinion evidence which
8  violates the Supreme Court's prohibition against the use of 20/20 hindsight in
9  evaluating the propriety of police actions.

10  In *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988), it was held that a police
11  officer's subjective belief — that, in retrospect, he and another officer used poor
12  judgment in shooting at a fleeing burglary suspect — was irrelevant to determining
13  whether the officer violated the law.  Guilt-ridden post facto self-critiques do nothing
14  to determine the reasonableness of the police conduct at the moment of deploying the
15  force comprising the search or seizure.

16  An analogy can be found in the Ninth Circuit decision in *Maddox v. City of Los*
17  *Angeles*, 792 F.2d 1408 (9th Cir. 1986).  In that case, the Ninth Circuit affirmed the
18  exclusion of a police department disciplinary proceeding in which the defendant
19  officer admitted to violating city policy on the use of a choke hold or lateral vascular
20  neck restraint.  The Ninth Circuit believed that the probative value of self-critiques is
21  fairly marginal, while the prejudicial effect of receipt of such evidence is arguably
22  great.  *Id*. at 1417.  Admissions have an overwhelming unique power in our culture;
23  the trier of fact may be tempted to take the path of least resistance and simply
24  substitute the self-critique of the department or the officer for a thoroughgoing
25  evaluation of the facts of the encounter as informed by the testimony and jury
26  instructions.  A jury might well be confused as to the relevance of such evidence.
27  Therefore, the evidence was properly excluded.
28  / / /

The modern law of search and seizure in the §1983 context originates from the Supreme Court's now oft-quoted language in *Graham v. Connor*, 490 U.S. 386, 396-397 (1989). Whether the use of force is reasonable in any particular situation must be evaluated from the perspective of a reasonable law enforcement officer on the scene, "rather than with the 20/20 vision of hindsight." At this juncture in the development of appellate precedent in this subject matter, it is the exception rather than the rule not to see that phrase quoted. *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001); *Mattos v. Agarano*, 590 F.3d 1082, 1088 (9th Cir. 2010).

Considering that federal courts are never to allow the 20/20 vision of hindsight to play any role in the evaluation of search and seizure civil rights law, while the correct standard is reasonableness "at the moment" of the search or seizure, *Graham*, 490 U.S. at 396, then how can it help the jury's ascertainment of the truth of the matter to know that the officer feels guilty, has remorse, or criticizes his use of force or that of his partner. It cannot.

Therefore, it is respectfully requested that the Court exclude all reference, evidence, testimony, and argument concerning whether the officers have remorse, feel guilty, or criticize their use of their partner's use of force in the context of this litigation.

Dated: April ____, 2010

                                            LAW OFFICES OF ALAN E. WISOTSKY

                                            By:_____
                                                JEFFREY HELD
                                                Attorneys for Defendants, CITY OF
                                                SANTA PAULA, SANTA PAULA
                                                POLICE DEPARTMENT, STEVE
                                                MacKINNON, CARLOS MITRE,
                                                CODY MADISON, and RYAN SMITH