Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>　　　　　Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 13 [TO EXCLUDE THE EXISTENCE OR ABSENCE OF ANY LAW ENFORCEMENT AGENCY'S POST-INCIDENT INQUIRY]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding evidence of the existence or absence of any law enforcement agency's post-incident inquiry.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010.  This meeting, held telephonically, was

1 informed by defendants having electronically transmitted the exact text of the first 17
2 motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated
3 that he was not yet in a position to concede any of these, although he acknowledged
4 their receipt on March 16, 2010.

5      In the underlying phase one trial concerning whether there was or was not a
6 search or seizure violation, it is extraneous to the trier of fact's consideration to know
7 that this or any other police agency did or did not look into the matter after it occurred.
8 If the police agency in question, in this case the Santa Paula Police Department, did
9 no investigation, a jury may be tempted to determine that it was turning a blind eye
10 or that it was an uncaring municipality.  On the other hand, if the municipal police
11 force did conduct an inquiry into the force used, the jury may be tempted to conclude
12 that where there's smoke, there's fire — the agency would not have conducted an
13 inquiry into the force used if they did not suspect that there was something wrong with
14 it.  In either case, the municipal police force is the loser, and the question is
15 completely irrelevant to the reasonableness of the force used at the scene.  Similarly,
16 if another law enforcement agency, such as the FBI, made an inquiry into this matter,
17 the same concerns arise.  In fact, the FBI did conduct an investigation of this use of
18 force and found it to be justified, or at least not constitutionally violative.  Even
19 though that consideration actually favors the municipal police department, it still
20 opens the same Pandora's box of irrelevant inquiries.  The FBI must have thought that
21 there was something wrong, or it would not have looked into the matter.

22      The excludability of the post hoc investigation by law enforcement agencies is
23 established by the Ninth Circuit decision in *Maddox v. City of Los Angeles*, 792 F.2d
24 1408, 1417 (9th Cir. 1986).  Evidence of a police department's disciplinary
25 proceeding looking into the matter, in the nature of an internal affairs investigation,
26 was held inadmissible against the defendants.  It was in the nature of a subsequent
27 remedial measure taken after the incident. Evidence of subsequent remedial measures
28 is barred by Federal Rule of Evidence 403.  The Ninth Circuit stated, "The Internal

Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident. Pursuant to Fed.R.Evid. §403, evidence of these proceedings was therefore properly excluded with respect to the City's liability." *Id*. at 1417. Subsequent remedial measures are inadmissible with regard to the issue of prior negligence. And with regard to the individual officer's liability or non-liability, the district court acted properly in excluding the internal affairs investigation because the investigation had little probative value but significant prejudicial potential. People can sometimes become mesmerized by truth-seeking inquiries, and these add little, if anything, to the jury's simply doing that for itself. *Maddox*, 792 F.2d at 1417.

Even if the police agency determined that the officer was wrong, acted improperly, or was not telling the truth, such opinions are excludable. One witness is not permitted to testify that another witness was lying or acted improperly. The Ninth Circuit has held that it is reversible error for a witness to testify over objection whether another witness was or was not telling the truth. It is the jurors' responsibility to determine credibility by assessing the witnesses and their testimony in light of the jurors' experience and case facts. *United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002).

Even assuming that the FBI had determined that one or both of the officers were lying, that would be excludable testimony under these precedents. The entire matter of whether any agency conducted an inquiry into the events giving rise to this lawsuit is therefore utterly extraneous to the commission or non-commission of a constitutional violation in the search and seizure of the plaintiff.

It is therefore respectfully requested that the district court exclude all mention, evidence, and argument as to whether there was an investigation into the facts giving rise to this lawsuit by the Santa Paula Police Department or any other agency, such as the FBI, the results of that investigation, and whether any of the parties were / / / interviewed in any inquiry or internal affairs investigation into the subject matter of this case.

3

1  Dated: April ____, 2010

2                                    LAW OFFICES OF ALAN E. WISOTSKY

3

4                                    By:_____
                                         JEFFREY HELD
5                                        Attorneys for Defendants, CITY OF
                                         SANTA PAULA, SANTA PAULA
6                                        POLICE DEPARTMENT, STEVE
                                         MacKINNON, CARLOS MITRE,
7                                        CODY MADISON, and RYAN SMITH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28