1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:    (805) 278-0920
4  Fax:    (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MAX VILLANUEVA VASQUEZ, an )      No. CV 09-02590 DSF (MANx)
    individual,                              )
12                                           )      **DEFENDANTS' MOTION IN**
                     Plaintiff,              )      **LIMINE NO. 15 [TO**
13                                           )      **EXCLUDE YOUTHFUL**
               v.                            )      **CRIMINAL PROSECUTION**
14                                           )      **OF DEFENDANT CARLOS**
    THE CITY OF SANTA PAULA,                 )      **MITRE]**
15  et al.,                                  )
                                             )      Date: May 3, 2010
16                   Defendants.             )      Time:  3:00 p.m.
                                             )      Ctrm:  840 Roybal
17  _____)

18

19  TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

20  OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

21         PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

22  defendants will move the Honorable Dale S. Fischer, United States District Judge, for

23  an order in limine excluding evidence that several years before the events in question,

24  and prior to his being hired by the Santa Paula Police Department, Officer Carlos

25  Mitre was prosecuted for residential burglary.

26         In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and

27  Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey

28  Held, conducted their prefiling conference relating to this and all of defendants'

                                          1

1    motions in limine on March 23, 2010.   This meeting, held telephonically, was

2    informed by defendants having electronically transmitted the exact text of the first 17

3    motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated

4    that he was not yet in a position to concede any of these, although he acknowledged

5    their receipt on March 16, 2010.

6        Several years before the incident in question, and before he was hired as a

7    police officer by the Santa Paula Police Department, Carlos Mitre was prosecuted for

8    residential burglary in Kern County.  He adamantly declared his innocence.  On the

9    day of trial, the prosecutor dismissed the charges in the interests of justice.  Therefore,

10   Officer Mitre was not only not convicted of any crime, he was not even tried for one.

11       One of the fundamental principles of §1983 litigation is that criminal

12   prosecution events are inadmissible in the civil rights case.   The decisions of

13   prosecutors, jurors, and state court judges utilizing different standards of fault,

14   available evidence, and press of business concerns would improperly taint the federal

15   court civil rights jury by inviting it to simply follow the misleading path of least

16   resistance, to substitute its independent judgment for what a criminal jury did or did

17   not decide.  *De Anda v. City of Long Beach*, 7 F.3d 1418, 1422-1423 (9th Cir. 1993);

18   *Borunda v. Richmond*, 885 F.2d 1384, 1388-1389 (9th Cir. 1988).

19       Another reason for excluding the remote criminal prosecution of Carlos Mitre

20   is that even in a *Monell* phase, the Ninth Circuit has held that evidence of admitted

21   officer misconduct during the present employment is inadmissible as a remote and

22   unreliable predictor of future actions.  *Van Ort v. Stanewich*, 92 F.3d 831, 837 (9th

23   Cir. 1996); *McDade v. West*, 223 F.3d 1135, 1141-1142 (9th Cir. 2000).

24       Considering that confirmed, violent misconduct of public officials during the

25   current employment is inadmissible even in a *Monell* phase, *Van Ort* and *McDade*, it

26   is also true that unconfirmed or unconvicted misconduct long predating the current

27   employment would be inadmissible as dramatically less probative of any fact of

28   relevance.

2

1    Therefore, it is respectfully requested that the Court exclude in limine the

2  criminal prosecution of Carlos Mitre for residential burglary by the County of Kern,

3  and the disposition of those charges, predating his employment with defendant Santa

4  Paula Police Department.

5

6         Dated: April ____, 2010

7                                          LAW OFFICES OF ALAN E. WISOTSKY

8

9                                          By:_____
                                               JEFFREY HELD
10                                             Attorneys for Defendants, CITY OF
                                               SANTA PAULA, SANTA PAULA
11                                             POLICE DEPARTMENT, STEVE
                                               MacKINNON, CARLOS MITRE,
12                                             CODY MADISON, and RYAN SMITH

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3