1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:   (805) 278-0920
4  Fax:   (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MAX VILLANUEVA VASQUEZ, an  )      No. CV 09-02590 DSF (MANx)
   individual,                )
12                            )      **DEFENDANTS' MOTION IN**
              Plaintiff,       )      **LIMINE NO. 16 [TO**
13                            )      **EXCLUDE SETTLEMENTS**
        v.                    )      **OF OTHER LITIGATION BY**
14                            )      **OR ON BEHALF OF THE**
   THE CITY OF SANTA PAULA,   )      **CITY OF SANTA PAULA]**
15 et al.,                    )
                              )      Date: May 3, 2010
16            Defendants.      )      Time:  3:00 p.m.
                              )      Ctrm: 840 Roybal
17 _____)

18

19 TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

20 OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

21       PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

22 defendants will move the Honorable Dale S. Fischer, United States District Judge, for

23 an order in limine excluding evidence of settlements of other litigation by or on behalf

24 of the City of Santa Paula.

25       In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and

26 Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey

27 Held, conducted their prefiling conference relating to this and all of defendants'

28 motions in limine on March 23, 2010.  This meeting, held telephonically, was

                                    1

1  informed by defendants having electronically transmitted the exact text of the first 17

2  motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated

3  that he was not yet in a position to concede any of these, although he acknowledged

4  their receipt on March 16, 2010.

5       The municipality, in the course of business, sometimes decides to resolve

6  matters out of court by the payment of money.  For example, a year before this

7  litigation, the City settled a case involving Taser use by one of its officers.  The

8  circumstances, attorneys, and parties were all different.  Nevertheless, it may seem to

9  the jury that if the City is paying money when Tasers are used, there is something

10  deficient about the use of Tasers or about the City's training or instruction to the

11  officers with respect to their use of the electronic control device.  It would invite the

12  jury to judge the defendant officers and the City in this case by the settlement of

13  another case.  Such an improper use of the settlement of other litigation would have

14  a dramatically chilling effect upon the settlement of cases.  If the defendants knew that

15  in the next case or somewhere down the road, the settlement could come back to haunt

16  them by making the jury think that the City or its police department was a recidivist

17  wrongdoer, litigation would be artificially driven.

18       The use of force by other officers in other situations has no bearing upon

19  whether the instant defendant officers did or did not use reasonable force.  Therefore,

20  such considerations, evidence, and reference are wholly inadmissible. *Quintanilla v.*

21  *City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996).  Even what the officers who are the

22  defendants in the present case did on other occasions is inadmissible as character

23  evidence and substantially more prejudicial than probative.  *Duran v. City of*

24  *Maywood*, 221 F.3d 1127, 1132-1133 (9th Cir. 2000).

25  / / /

26  / / /

27  / / /

28  / / /

1      It is therefore respectfully requested that the Court exclude in limine reference

2  to the other Taser usage by the other officer, the settlement of that case, and the City's

3  settlement resolution of any other litigation.

4

5      Dated:  April ____, 2010

6                                    LAW OFFICES OF ALAN E. WISOTSKY

7

8                                    By:_____
                                         JEFFREY HELD
9                                        Attorneys for Defendants, CITY OF
                                         SANTA PAULA, SANTA PAULA
10                                       POLICE DEPARTMENT, STEVE
                                         MacKINNON, CARLOS MITRE,
11                                       CODY MADISON, and RYAN SMITH

12  '

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28