Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>　　　　Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 17 [TO EXCLUDE SANTA PAULA POLICE DEPARTMENT AND OTHER LAW ENFORCE-MENT AGENCY POLICIES AND PROCEDURES]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, defendants will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding all reference to police department policies, whether from the Santa Paula Police Department or from other law enforcement agencies.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian Vogel and Jeffrey Held, conducted their prefiling conference relating to this and all of defendants' motions in limine on March 23, 2010.  This meeting, held telephonically, was

1

informed by defendants having electronically transmitted the exact text of the first 17 motions in limine to plaintiff's counsel on March 16, 2010.  Plaintiff's counsel stated that he was not yet in a position to concede any of these, although he acknowledged their receipt on March 16, 2010.

Federal appellate precedent precludes local police policies and practices from comprising or informing the content of the Fourth Amendment.  There are three reasons for this prohibition.

First, a rule allowing introduction of internal guidelines as part of the Fourth Amendment would balkanize the Constitution so that the Fourth Amendment had a different meaning in every jurisdiction.  Second, police departments which chose to hold their officers to a more demanding or restrictive standard would, by definition, commit more constitutional violations, whereas policies which were more permissive or lax would mean that officers in those jurisdictions committed fewer constitutional torts. This dichotomy would create the counterproductive and anomalous result under which municipalities would be under financial pressure to write the most permissive and lax policies governing every aspect of officer endeavor.  Third, jury confusion would abound, since one side would be marshaling dozens of police policies from jurisdictions which favored its position in the litigation, whereas the opponent would marshal dozens of police policies from other jurisdictions supporting its position in the litigation, with the end result that the jury would have to spend hours or days hearing how police agencies in dozens of other jurisdictions handled the matter.

In *Whren v. United States*, 517 U.S. 806, 815 (1996), the Supreme Court stated:

> Moreover, police enforcement practices, even if they could be practicably assessed by a judge, vary from place to place and from time to time. We cannot accept that the search and seizure protections of the Fourth Amendment are so variable [citation] and can be made to turn upon such trivialities.  The difficulty is illustrated by petitioners'

|   |   |
|---|---|
| 1 | arguments in this case. Their claim that a reasonable officer |
| 2 | would not have made this stop is based largely on District |
| 3 | of Columbia police regulations which permit plainclothes |
| 4 | officers in unmarked vehicles to enforce traffic laws "only |
| 5 | in the case of a violation that is so grave as to pose an |
| 6 | immediate threat to the safety of others." [Citation] This |
| 7 | basis of invalidation would not apply in jurisdictions that |
| 8 | had a different practice. And it would not have applied even |
| 9 | in the District of Columbia, if Officer Soto had been |
| 10 | wearing a uniform or patrolling in a marked police cruiser. |

11  In *Smith v. Freland*, 954 F.2d 343, 347-348 (6th Cir. 1992), the court explained:

|   |   |
|---|---|
| 12 | Furthermore, the fact that Officer Schulcz's actions |
| 13 | may have violated Springdale's policies regarding police |
| 14 | use of force does not require a different result. Under |
| 15 | §1983, the issue is whether Officer Schulcz violated the |
| 16 | Constitution, not whether he should be disciplined by the |
| 17 | local police force. A city can certainly choose to hold its |
| 18 | officers to a higher standard than that required by the |
| 19 | Constitution without being subjected to increased liability |
| 20 | under §1983. To hold that cities with strict policies commit |
| 21 | more constitutional violations than those with lax policies |
| 22 | would be an unwarranted extension of the law, as well as a |
| 23 | violation of common sense. Ms. Smith's position, if |
| 24 | adopted, would encourage all governments to adopt the least |
| 25 | restrictive policies possible. |

26  The Ninth Circuit has frequently held that internal guidelines and policy
27 manuals do not have the force of law. *Swanson v. U.S. Forest Service*, 87 F.3d 339,
28 344-345 (9th Cir. 1996); *James v. Parole Commission*, 159 F.3d 1200, 1205 (9th Cir.

1998); *Coleman v. Perrill*, 845 F.2d 876, 879 (9th Cir. 1988); *United States v. 53 Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1992). These decisions hold that internal policy manuals, procedures, and orders do not have the force of law.

It is therefore respectfully requested that the Court exclude all reference, argument, and evidence to policies, manuals, procedures, guidelines, and orders of the Santa Paula Police Department or any law enforcement agency. Similarly, defendants seek exclusion of related reference, such as that some unnamed police department or a police department manual or policy requires or prohibits some action.

Dated: April ____, 2010

LAW OFFICES OF ALAN E. WISOTSKY

By: _____
JEFFREY HELD
Attorneys for Defendants, CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, CARLOS MITRE, CODY MADISON, and RYAN SMITH