1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:    (805) 278-0920
4  Fax:    (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MAX VILLANUEVA VASQUEZ, an )          No. CV 09-02590 DSF (MANx)
    individual,                )
12                             )          **DEFENDANTS' MOTION IN**
                Plaintiff,     )          **LIMINE NO. 18 [TO**
13                             )          **EXCLUDE PLAINTIFF FROM**
         v.                    )          **CALLING ANY RETAINED**
14                             )          **EXPERTS]**
    THE CITY OF SANTA PAULA,   )
15  et al.,                    )          Date:  May 3, 2010
                               )          Time:  3:00 p.m.
16              Defendants.    )          Ctrm:  840 Roybal
                               )
17  _____)

18

19  TO PLAINTIFF, MAX VASQUEZ, AND TO HIS ATTORNEY OF RECORD, LAW

20  OFFICES OF BRIAN A. VOGEL BY BRIAN VOGEL:

21        PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010,

22  defendants will move the Honorable Dale S. Fischer, United States District Judge, for

23  an order in limine excluding all retained expert witnesses on behalf of the plaintiff.

24        This motion is made following the conference of counsel pursuant to Judge

25  Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3,

26  which took place on March 23, 2010.  The conference was telephonic.  Defense

27  counsel, Jeffrey Held, asked plaintiff's counsel, Brian Vogel, whether he had

28  disclosed any expert witnesses or served any Rule 26 reports of experts, being that

                                  1

1  defendants never received any such materials.  Plaintiff's counsel, Mr. Vogel, stated

2  that he and his client had made a conscious decision not to retain or disclose any

3  expert witnesses.

4         The Rule 26 disclosure of expert witnesses and their reports were due

5  February 12, 2010, according to the Court's scheduling order dated September 22,

6  2009.  But plaintiff never disclosed any expert data.

7         Federal Rule of Civil Procedure, Rule 26(a)(2)(A)-(C), requires comprehensive

8  expert witness reports within the time ordered by the Court.  The sanction is their

9  exclusion from trial.

10        The leading Ninth Circuit decision in this regard is *Yeti by Molly v. Deckers*,

11 259 F.3d 1101, 1105-1107 (9th Cir. 2001).  Plaintiffs there filed an in limine motion

12 to exclude defendant's only damages expert as a sanction for disobedience to the

13 expert disclosure deadline.  "Federal Rule of Civil Procedure 26(a)(2)(B) requires the

14 parties to disclose the identity of each expert witness accompanied by a written report

15 prepared and signed by the witness."  *Id*. at 1106.

16        Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial

17 of any information required to be disclosed by Rule 26(a) that is not properly

18 disclosed." *Yeti*, 259 F.3d at 1106.  By excluding the sole proffered defense expert,

19 the Court made it much more difficult, if not impossible, for defendants to rebut

20 plaintiff's expert's damages calculations. This situation is distinguishable from those

21 requiring identification of willfulness, fault, or bad faith, because exclusion falls short

22 of dismissal. *Id*.  The *Yet* court concluded that "Thus, even though [defendant] never

23 violated an explicit court order to produce the [expert's] report and even absent a

24 showing in the record of bad faith or willfulness, exclusion is an appropriate remedy

25 for failing to fulfill the required disclosure requirements of Rule 26(a)." *Id*.

26                              **CONCLUSION**

27        It is therefore respectfully requested that plaintiff be barred in limine from

28 referring to any expert opinions, besides those of the defendants' expert, whose

1   Rule 26 report was timely disclosed, and be barred from calling any retained expert

2   witnesses.

3

4       Dated:  April ____, 2010

5                                              LAW OFFICES OF ALAN E. WISOTSKY

6

7                                       By:_____
                                              JEFFREY HELD
8                                             Attorneys for Defendants, CITY OF
                                              SANTA PAULA, SANTA PAULA
9                                             POLICE DEPARTMENT, STEVE
                                              MacKINNON, CARLOS MITRE,
10                                            CODY MADISON, and RYAN SMITH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28