Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>                    Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' WITNESS LIST**<br><br>PTC  :  May 3, 2010<br>Time :  3:00 p.m.<br>Place:  840 Roybal<br><br>Trial: June 29, 2010<br>Time :  8:00 a.m.<br>Place:  840 Roybal |

In accordance with Judge Fischer's Standing Order re Jury Trial, I.D.4, and Central District Local Rule 16-5, defendants hereby provide the identities of the witnesses and time estimates for direct and cross-examination of them.

1.     The plaintiff, Max Vasquez:  He is expected to testify concerning the details of his contact with the officers leading to their use of force against him.  These events occurred during an approximately ten-minute period between about 8:05 and 8:15 on a Sunday evening, April 15, 2007.  His direct examination should reasonably take an hour and a half, if the Court trifurcates the trial as sought by the defendants.  His cross-examination, assuming phased trifurcation of the trial, should be approximately equivalent.  Therefore, his testimonial time in phase one would be approximately three hours.

1

  2. Defendant officer Cody Madison: Officer Madison will testify concerning the obligations and dangers involved in domestic violence calls, the dangers and complications of a subject trying to enter a house, and, in general, to the details of the contact with the plaintiff surrounding the use of force against him. Officer Madison tape-recorded much of the contact with the plaintiff, so he will need to authenticate the recording while the jury listens to it and reads the transcript. Officer Madison's testimony is expected to last approximately an hour and a half on direct and a commensurate length for cross-examination, for a total of about three hours.

  3. Defendant officer Carlos Mitre: Officer Mitre will testify concerning the obligations and dangers involved in domestic violence calls, the dangers and complications of a subject trying to enter a house, and, in general, to the details of the contact with the plaintiff surrounding the use of force against him. Officer Mitre's testimony is expected to last approximately an hour and a half on direct and a commensurate length for cross-examination, for a total of about three hours.

  4. Defendant officer Ryan Smith: Officer Smith arrived after the plaintiff was secured but is accused of using excessive force, so he will need to testify concerning the absence of any contact with the plaintiff. He will also dispute the plaintiff's contention that he had his K-9 out of the police car and that the dog was continuously barking at the plaintiff while Officer Smith threatened the plaintiff — none of that happened, and he will need to dispel it. His testimony on direct is estimated to be about half an hour, with an equivalent amount for cross-examination, so a total estimate of one hour.

  5. April Clanton: She was the plaintiff's girlfriend at the time of the contact in question. She will need to testify, in support of the officers' statements and in opposition to the plaintiff, that the plaintiff had broken out the window of his vehicle shortly before the contact with the officers to corroborate their testimony that he had blood on his hands when they encountered him. She will also need to describe the contact of the plaintiff with the officers and that the plaintiff was noncompliant with

1 the officers' instructions. She will corroborate the resistance of the plaintiff, her ex-
2 boyfriend, to the efforts of the officers to bring him under control. She will testify to
3 the nature of the call she placed to 911 concerning being a victim of domestic
4 violence. She will discuss the actions of the plaintiff within the hour preceding the
5 arrival of the officers, demonstrating his violent state of mind and behavior toward her
6 and the officers. Her direct testimony is estimated to last about one hour and her
7 cross-examination to last an equivalent amount, for a total of about two hours.

8       6. Janet Vasquez, the plaintiff's mother: She claims to have witnessed the
9 end portion of the contact of the officers, especially Officer Mitre, with her son. Her
10 direct examination is estimated to last about half an hour and an equivalent amount
11 for the cross-examination, so a total of approximately one hour.

12       7. Greg Meyer: He is the defense police practices expert. He will describe,
13 from an expert perspective, the difficulties, requirements, and dangers involved in a
14 call of this sort and will express numerous opinions as described in his Rule 26 report.
15 These address decisions about the quantum of force utilized and the circumstances
16 under which it was utilized as being within the measured norm of police response to
17 this type of situation, given the nature of the call, the proximity of the home, and the
18 plaintiff's resistive behavior. His testimony would be offered in phase one. His direct
19 testimony is estimated to take about two hours, with his cross-examination taking an
20 equivalent amount, for about four hours of testimony.

21       8. Dr. Eric Davey: He would be a phase one witness as to the plaintiff's
22 injuries. The minimal nature of the injuries is relevant to the first of the three force
23 analysis inquiries. *Mattos v. Agarano*, 590 F.3d 1082, 1086-1087 (9th Cir. 2010). He
24 would testify, as the emergency room physician who saw plaintiff shortly after the
25 contact with the officers, to the absence of significant injury, with the exception of a
26 small eyebrow laceration. His direct testimony would take about half an hour, while
27 his cross-examination would be an equivalent amount. Therefore, his testimony
28 would last about an hour.

9.   Chief Steve MacKinnon:  He is the police chief for the defendant municipality; if the Court grants the defense request to phase the trial, he would be relevant only in a phase three proceeding. His testimony would last approximately 45 minutes in both direct and cross-examination, for a total of about an hour and a half.

10.   Dave Manning:  He is the Taser trainer for the defendant municipal police department. His testimony would be relevant only in a phase three proceeding, if the Court grants the defense request to phase the trial. His testimony would last about half an hour in both direct and cross-examination, for about one hour of testimony in phase three.

Total: Defendants' best current estimate of evidence hours, assuming a phased trial order, for phase one, is 18 hours.

Dated: April ____, 2010

                                   LAW OFFICES OF ALAN E. WISOTSKY

                                   By:_____
                                       JEFFREY HELD
                                       Attorneys for Defendants, CITY OF
                                       SANTA PAULA, SANTA PAULA
                                       POLICE DEPARTMENT, STEVE
                                       MacKINNON, CARLOS MITRE,
                                       CODY MADISON, and RYAN SMITH