1  BRIAN A. VOGEL, SBN 167493
2  THE LAW OFFICES OF BRIAN A. VOGEL, PC
   770 County Square Dr., Ste. 104
3  Ventura, CA 93003
   Telephone: (805) 654-0400
4  Facsimile: (805) 654-0326
5  E-Mail: brian@bvogel.com

6
   Attorney for Plaintiff
7  MAX VILLANUEVA VASQUEZ

8

9              UNITED STATED DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  MAX VILLANUEVA VASQUEZ, an individual )   CASE NO. CV09-02590 (DSF-MAN)
                                          )
13                    Plaintiff,          )   **PLAINTIFF'S NOTICE AND**
                                          )   **MOTION IN LIMINE NO. 1**
14                                        )   **TO EXCLUDE IMPROPER**
              -vs-                        )   **CHARACTER EVIDENCE AND**
15                                        )   **ALLEGED PRIOR BAD ACTS**
                                          )
16  THE CITY OF SANTA PAULA, THE SANTA    )
17  PAULA POLICE DEPARTMENT, POLICE       )   Date:      May 3, 2010
    CHIEF STEVE MACKINNON, OFFICER        )   Time:      3:00 p.m.
18  CARLOS MITRÉ, OFFICER CODY MADISON,   )   Ctrm:      840 Roybal Courthouse
    OFFICER RYAN SMITH in both their individual )
19  and official capacities, and DOES 1-10, inclusive. )
20                                        )
                      Defendants.         )
21  _____)

22

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, Plaintiff will

25  move the Honorable Dale S. Fischer, United States District Judge, for an order in limine

26

27  excluding the introduction of any improper evidence relating to Plaintiff's character and any

28

                                    1

evidence or argument relating to alleged prior bad acts of the Plaintiff.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian A. Vogel and Jeffrey Held, conducted their pre-filing conference relating to this and all of Plaintiff's motions in limine telephonically on March 23 and April 8, 2010.  On March 23, 2010, Plaintiff conveyed the nature and subject matter of his proposed five Motions in limine and he later  electronically transmitted the exact text of the motions to defendant's counsel.  On April 8, 2010, Plaintiff and Defense counsel met and conferred again telephonically and while agreement was reached on several issues, both parties agreed that precise identification of those areas of agreement could best be accomplished by filing statements of nonopposition.

## I. FACTUAL STATEMENT

This case involves an allegation of excessive force by police officers investigating a claim of domestic violence.  Plaintiff anticipates that Defendants will attempt to introduce evidence or argument regarding Plaintiff's character in order to create prejudice.  Plaintiff further anticipates that defendants will seek to introduce evidence regarding the alleged incident of domestic violence which precipitated the police contact with Plaintiff at his mother's house.  During her deposition, Plaintiff's ex-girlfriend, April Clanton, who clearly harbors negative feelings toward Plaintiff, alleged a laundry list of unsubstantiated bad acts which she purported Plaintiff had committed before, during and after the April 16, 2007 incident.  Ms. Clanton alleged the following:

     1.    Prior to April 16, 2007, Plaintiff had used marijuana.

     2.    Prior to April 16, 2007, Plaintiff had left his very young child unattended while he went outside or to another room in the house to smoke marijuana, make music or

hang out with his friend.

3.  On April 16, 2007, Plaintiff had come to her workplace, made a loud scene, and threatened both her and a fellow employee.

4.  After April 16, 2007, during their protracted child custody dispute, Ms. Clanton had obtained a domestic violence restraining order, Plaintiff violated said order, and he was ordered to perform 5 days of work release and was placed on 3 years probation.

## II.  ARGUMENT

### The Court Should Exclude Any Improper Character Evidence and Alleged Prior Bad Acts of the Plaintiff as Being Irrelevant and Highly Prejudicial.

Because the police officers on the scene had no knowledge of any of the alleged bad acts testified to by Ms. Clanton at her deposition, the alleged incidents are wholly irrelevant to the issues to be decided by the jury.  Furthermore, they are highly prejudicial.  Therefore, this evidence should be excluded.   Plaintiff requests that the Court preclude introduction of evidence or argument by defendants, their expert or witnesses of documents or things regarding Plaintiff's character or irrelevant prior bad acts.

Fed. R. Evid. 404 (a) states in pertinent part that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."   Rule 404 (b) states that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency in reason to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 403 allows for

1   the exclusion of evidence that may create "the danger of unfair prejudice."   Rule 403 also

2   provides for the exclusion of relevant evidence if its probative value is substantially outweighed

3
4   by "confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

5   time, or needless presentation of cumulative evidence."

6          Here, the issue for the jury is whether defendants violated Plaintiff's constitutional rights

7   to be free from use of excessive force.   The only relevant issue is the perceived threat that

8   Plaintiff Vasquez posed to the officers at the time of the incident.   When Defendant officers used

9   force against Plaintiff, neither officer was aware of any history of alleged violence or other bad

10  behavior by Plaintiff.   This information was not given to them and did not factor into their

11  decision to use force against Plaintiff.   Since the officers' state of mind is what is relevant to

12  determine the reasonableness of their conduct, the allegations made by Ms. Clanton, which were

13
14  unknown to the officers at the time of the incident, are irrelevant and have no probative value in

15  this case.

16         Furthermore, admissions of these allegations would be highly prejudicial to Plaintiff, as it

17  would depict him as an illegal drug abuser, a perpetrator of domestic violence, and a criminal

18
19  several times over.   The evidence is of the type that would arouse the jury's prejudice, hostility

20  and antipathy. See *United States v. Bejar-Matrecois*, 618 F.2d 81, 84 (9th Cir.1980) (trial court

21  erred by admitting evidence of a prior conviction of the defendant because, to the extent that the

22
23  evidence was relevant, it was outweighed by its unfairly prejudicial and cumulative nature).   If

24  Plaintiff is depicted in this very negative light, the jury may well be prejudiced by the

25  information and depend on it to erroneously conclude that the officers' use of force against

26  Plaintiff was reasonable.

27         Allowing this evidence to be admitted would also unnecessarily prolong the trial and

28
                                                    4

waste the valuable time and resources of the Court and all other participants. Finally, admission of this evidence would necessitate several "mini-trials" on the veracity of the allegations while adding absolutely nothing significant or valuable to the evidence.

Given the above reasons, the Court should exclude any and all evidence, testimony, references to testimony/evidence or argument relating to Plaintiff's character and all alleged bad acts which Defendant Officers were unaware of at the time that they used excessive force against Plaintiff.

### III. CONCLUSION

Based on the above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine to Exclude Improper Character Evidence and Alleged Prior Bad Acts.

DATED: April 12, 2010                          THE LAW OFFICES OF BRIAN A. VOGEL, PC


By:   _Brian Vogel_
      Brian A. Vogel
      Attorney for Plaintiff
      Max Villanueva Vasquez