1  BRIAN A. VOGEL, SBN 167493
2  THE LAW OFFICES OF BRIAN A. VOGEL, PC
3  770 County Square Dr., Ste. 104
   Ventura, CA 93003
4  Telephone: (805) 654-0400
   Facsimile: (805) 654-0326
5  E-Mail: brian@bvogel.com
6
   Attorney for Plaintiff
7  MAX VILLANUEVA VASQUEZ
8
9              UNITED STATED DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual | CASE NO. CV09-02590 (DSF-MAN) |
| Plaintiff, | **PLAINTIFF'S NOTICE AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT WHICH IS UNFAIRLY PREJUDICIAL, CONFUSING, AND MISLEADING TO THE JURY** |
| -vs- | |
| THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive. | Date:  May 3, 2010<br>Time:  3:00 p.m.<br>Ctrm:  840 Roybal Courthouse |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, Plaintiff will move the Honorable Dale S. Fischer, United States District Judge, for an order in limine excluding evidence or argument pertaining to (1) the general nature of police work; (2)

the jury as taxpayers; and (3) Plaintiff just wanting money as his motive in filing his lawsuit, pursuant to Fed. R. Evid. Rule 403.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian A. Vogel and Jeffrey Held, conducted their pre-filing conference relating to this and all of Plaintiff's motions in limine telephonically on March 23 and April 8, 2010. On March 23, 2010, Plaintiff conveyed the nature and subject matter of his proposed five Motions in limine and he later electronically transmitted the exact text of the motions to defendant's counsel. On April 8, 2010, Plaintiff and Defense counsel met and conferred again telephonically and while agreement was reached on several issues, both parties agreed that precise identification of those areas of agreement could best be accomplished by filing statements of nonopposition.

## I. FACTUAL STATEMENT

Plaintiff anticipates that Defendants at trial will seek to introduce testimony which describes the apparent difficult and dangerous nature of duties of police officers in general. Specifically, Plaintiff anticipates that Defendants will attempt to show generally how hard their jobs are, how dangerous working in the streets is, how they are trying to do their best, and how they get so many calls for help that it is difficult to respond to everything. While these circumstances may be true in general as to police work, there is no evidence that any of these factors have any baring on the events of April 16, 2007. Therefore, this testimony is irrelevant to the issues and facts to be tried in this case and will be presented by Defendants only to unfairly elicit jurors' sentimental bias and pity towards the Defendant police officers.

Similarly, Plaintiff anticipates that Defendants will make repeated references to the jury as "taxpayers". These references will inevitably result in a misperception by the jury that any

monetary damages they may award Plaintiff will be paid by the government out of the citizen's taxes including their own. Finally, Plaintiff anticipates that Defendants will repeatedly mischaracterize Plaintiff as someone who just wants money.

## II. ARGUMENT

**The probative value Defendants' anticipated testimony as to: (1) the nature of police work; (2) the jury as taxpayers; and (3) Plaintiff's motives in filing the lawsuit, is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.**

Fed. R. Evid. Rule 403 states in pertinent part:

> Although relevant, evidence maybe excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence, arguments, comments, innuendos or inferences, intended to inflame jurors, such as inflammatory hypotheticals regarding police officers being injured or killed during traffic stops, or as relevant here, domestic violence investigations, seek to elicit the jury's pity for Defendant police officers and will unjustly prejudice the jury against plaintiff. Such comments, argument or evidence are used to create an emotional bias in favor of the police officers and should be excluded during this trial.

Defense counsel will often refer to the jury as taxpayers and frequently repeat that Plaintiff just wants money. These comments will equally result in prejudice to the Plaintiff and prevent a fair trial. Such comments are couched in innuendos and hypotheticals which subtly

3

and unfairly elicit the jury's sympathy for individual Defendant officers, who are often referred to in working class terms thereby creating the impression that a verdict in Plaintiff's favor would result in a severe financial hardship for the hard-working, working class law enforcement officers.

In their Motion in Limine No. 10, Defendants have requested that the court exclude references to indemnification or insurance. Defendants pointed out that the Ninth Circuit has observed that if the court were to allow jurors in §1983 actions to be told that the government will indemnify the Defendants, "we presumably should also allow the Defendant to explain that any award paid by the government will come out of the people's taxes." *Larez v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994). The Ninth Circuit concluded that "that subjecting the jury to a flurry of largely irrelevant assertions and counter-assertions concerning who might or might not be financially harmed by any verdict. . . is utterly impermissible." *Id.*

### III. CONCLUSION

Based on the above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine to exclude evidence or argument pertaining to (1) the general nature of police work; (2) the jury as taxpayers; and (3) Plaintiff just wanting money as his motive in filing his lawsuit.

DATED: April 12, 2010                    THE LAW OFFICES OF BRIAN A. VOGEL, PC

By: /s/ Brian Vogel
Brian A. Vogel
Attorney for Plaintiff
Max Villanueva Vasquez

4