1  BRIAN A. VOGEL, SBN 167493
2  THE LAW OFFICES OF BRIAN A. VOGEL, PC
   770 County Square Dr., Ste. 104
3  Ventura, CA 93003
4  Telephone: (805) 654-0400
   Facsimile: (805) 654-0326
5  E-Mail: brian@bvogel.com

6
   Attorney for Plaintiff
7  MAX VILLANUEVA VASQUEZ

8

9            UNITED STATED DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12 MAX VILLANUEVA VASQUEZ, an individual  )  CASE NO. CV09-02590 (DSF-MAN)
                                          )
13              Plaintiff,                )  **PLAINTIFF'S NOTICE AND**
                                          )  **MOTION IN LIMINE NO. 5**
14              -vs-                       )  **TO EXCLUDE EVIDENCE AND**
                                          )  **ARGUMENT THAT REFERS TO**
15                                         )  **PLAINTIFF AS A "SUSPECT"**
                                          )  **OR A "DEFENDANT" IN A**
16 THE CITY OF SANTA PAULA, THE SANTA     )  **CRIMINAL CONTEXT**
17 PAULA POLICE DEPARTMENT, POLICE        )
   CHIEF STEVE MACKINNON, OFFICER         )
18 CARLOS MITRE, OFFICER CODY MADISON,    )  Date:   May 3, 2010
19 OFFICER RYAN SMITH in both their individual ) Time:  3:00 p.m.
   and official capacities, and DOES 1-10, inclusive. ) Ctrm:  840 Roybal Courthouse
20                                         )
21              Defendants.               )
   _____    )

22

23 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that at the pretrial conference on May 3, 2010, Plaintiff

25 will move the Honorable Dale S. Fischer, United States District Judge, for an order in

26 limine excluding Defendants, their experts and witnesses from referring to Plaintiff as a

27

28
                                    1

"suspect" or as a "defendant" in a criminal context. This motion is made under Fed. R. Evid. Rules 401, 402 and 403, and is based upon the ground that the evidence is irrelevant and that its probative value is substantially outweighed by the danger of undue prejudice to Plaintiff.

In accordance with Judge Fischer's Standing Order re Jury Trial, II.A, and Central District Local Rule 7-3, the parties, through counsel, Brian A. Vogel and Jeffrey Held, conducted their pre-filing conference relating to this and all of Plaintiff's motions in limine telephonically on March 23 and April 8, 2010. On March 23, 2010, Plaintiff conveyed the nature and subject matter of his proposed five Motions in limine and he later electronically transmitted the exact text of the motions to defendant's counsel. On April 8, 2010, Plaintiff and Defense counsel met and conferred again telephonically and while agreement was reached on several issues, both parties agreed that precise identification of those areas of agreement could best be accomplished by filing statements of nonopposition.

## I.  FACTUAL STATEMENT

This case involves an allegation of excessive force by police officers investigating a claim of domestic violence. Plaintiff anticipates that defendants, their counsels, witnesses or experts will refer to Plaintiff as a "suspect" or "defendant" in a criminal context during trial in this matter.

## II.  ARGUMENT

**Any Reference to Decedent as a "Suspect" or "Defendant" in a Criminal Context**

**Should Be Excluded as Being Not Relevant and Highly Prejudicial.**

Fed. R. Evid. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. Rule 402

provides that evidence which is not relevant is inadmissible.  Fed. R. Evid. Rule 403 states in

pertinent part that evidence, even if it is relevant, may still be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice.  Referring to Plaintiff as a "suspect"

or "defendant" in a criminal context would not prove or disprove any fact necessary to this action

and will add absolutely nothing significant or valuable to the evidence.   It will, on the other

hand, be highly prejudicial to Plaintiffs, as it would depict decedent as a felon or criminal, and

will arouse the jury's prejudice, hostility and antipathy.

     In their Motion in Limine No. 8, Defendants have sought an order precluding sympathetic

references to the Plaintiff as the "victim," the "injured party," or by his first name "Max" because

Defendants claim such characterizations cast the Plaintiff in unnecessarily sympathetic light.

Here, Plaintiff seeks an order precluding unnecessarily unsympathetic characterizations of the

Plaintiff.

**CONCLUSION**

     Based on the above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion

in Limine to exclude Defendants, their experts and witnesses from referring to Plaintiff as a

"suspect" or as a "defendant" in a criminal context.

DATED: April 12, 2010                    THE LAW OFFICES OF BRIAN A. VOGEL, PC


                          By:   _____
                                Brian A. Vogel
                                Attorney for Plaintiff
                                Max Villanueva Vasquez