Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, STEVE MacKINNON, RYAN SMITH, CODY MADISON, and CARLOS MITRE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>     Defendants. | No. CV 09-02590 DSF (MANx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 2**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840, Roybal |

Defendants hereby respond to plaintiff's Motion in Limine No. 2 as follows:

The precise content of evidence or arguments sought to be excluded is somewhat unclear. In the conclusion section it is stated that plaintiff wishes the Court to exclude, in limine, any opinions of defense police practices expert Greg Meyer not contained in his Rule 26 report. To that extent, defendants definitely agree. An expert witness cannot offer testimony beyond the confines of his expert witness report, which is to state all of his opinions and the grounds therefore. Certainly, Mr. Meyer will not merely read his Rule 26 report, but neither can he stray very far at all from it. So to that extent, the defendants agree that Mr. Meyer must be limited to the opinions and grounds articulated in his Rule 26 report.

1  The second half of the desired in limine exclusion is extremely vague.  In the
2 conclusion section at page 3, lines 21 and 22, it is stated that plaintiff wishes to have
3 the Court enforce Federal Rule of Evidence 702; of course, the Court will enforce all
4 laws, including the Rules of Evidence.  But specifically what such an order would
5 exclude or include is anyone's guess.  The in limine exclusion sought is vague in the
6 extreme.
7  It is a well established rule of in limine exclusions that they must be clear and
8 specific so that the parties and their witnesses know exactly what they can and cannot
9 reference.  Motions in limine and supporting briefs which are remarkably cursory, non
10 specific and conclusory, do not adequately specify the evidence sought to be excluded.
11 Such motions in limine are legal nullities.  *Black v M & W Gear Company*, 269 F.3d
12 1220, 1230 (10th Cir. 2001).
13  Therefore, defendants can neither agree to nor oppose the second half of this
14 extremely vague in limine exclusion.  It is absolutely unclear what the motion seeks
15 to accomplish by obtaining defendants' promise to abide by a certain rule of evidence
16 - there is no link to the contours of the facts of this case.  Therefore, defendants agree
17 to limit Mr. Meyer to the basic principles articulated in his expert witness report but
18 cannot agree to the second half of the in limine exclusion because they do not
19 understand how it would apply to the evidence or argument in this particular lawsuit.
20
21  Dated:  April ____, 2010
22  LAW OFFICES OF ALAN E. WISOTSKY
23
24  By:_____
   JEFFREY HELD
25  Attorneys for Defendants, CITY OF
   SANTA PAULA, SANTA PAULA
26  POLICE DEPARTMENT, STEVE
   MacKINNON, CARLOS MITRE,
27  CODY MADISON, and RYAN SMITH
28

2