1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California  93036
   Tel:    (805) 278-0920
4  Fax:    (805) 278-0289
   E-mail:  lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, RYAN
7  SMITH, CODY MADISON, and CARLOS MITRE

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MAX VILLANUEVA VASQUEZ, an )        No. CV 09-02590 DSF (MANx)
    individual,                )
12                             )        **DEFENDANTS' RESPONSE**
                 Plaintiff,    )        **TO PLAINTIFF'S MOTION IN**
13                             )        **LIMINE NO. 4**
          v.                   )
14                             )        Date:  May 3, 2010
    THE CITY OF SANTA PAULA,   )        Time:  3:00 p.m.
15  et al.,                    )        Ctrm:  840, Roybal
                               )
16               Defendants.   )
                               )
17  _____)

18

19       Defendants hereby respond to plaintiff's Motion in Limine No. 4 as follows:

20       This in limine motion does not contain the subject matter sought to be excluded

21  in the title or in the notice, but such content is rather dispersed throughout the text of

22  the motion brief itself.  In reading through the specific items sought to be excluded,

23  defendants do agree to the exclusion of all but one of the proffered in limine

24  exclusions.

25       Defendants agree that the following subjects contained in the fourth motion in

26  limine are proper to be excluded in limine:

27       (1)    Difficult and dangerous nature of duties of police officers in general -

28  page two, line 14;

                                       1

(2)     How hard police jobs are, how dangerous working in the streets is and how the officers are trying to do their best - page two, line 17;

(3)     Police receive so many calls for service that it is difficult to respond or respond well to everything - page two, line 18;

(4)     References to jurors as taxpayers - page two, lines 24-25; page three, line 23;

(5)     Characterizing plaintiff as someone who just wants money - page three, line 1;

(6)     References to police officers being injured or killed during traffic stops - page three, lines 17-18; and,

(7)     Referring to the officers as working class people who would be severely financially impacted by a judgment against them - page three, line 28; page four, lines 1-2.

Defendants agree that all of those above specified items mentioned in the fourth in limine motion are irrelevant, prejudicial and out of bounds.  Defendants certainly agree to refrain from offering any reference, argument or evidence about those matters.

Defendants do not, however, agree to the in limine exclusion, or any exclusion, of the subject matter mentioned on page three, line 18.  The reference three is to "domestic violence investigations."  Nothing could be further from the truth than that jurors are not entitled to know about the legal and practical ramifications of police response to domestic violence investigations.  Domestic violence investigations are unique in the law.  This is readily demonstrable.

Just not long ago, the Ninth Circuit recognized the extremely unique nature of a domestic violence call.  In *Mattos v Agarano,* 590 F.3d 1082, 1088 (9th Cir. 2010), the Ninth Circuit wrote:

>              "Indeed, more officers are killed or injured on domestic
>              violence calls than any other type of call."

590 F.3d at 1088.

In *United States v Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005), the Ninth Circuit stated:

> "We have observed that the volatility of situations involving domestic violence makes them particularly dangerous."

In *United States v Black*, 482, F.3d 1035, 1040 (9th Cir. 2007), the Ninth Circuit explained that:

> "Our circuit has recognized that the exigencies of domestic abuse cases present dangers which may override considerations of privacy."

482 F.3d at 1040

The *Mattos* court focused upon the domestic violence context in distinguishing other use of force cases and in reaching its conclusions. The *Mattos* court stated that, "The officers used the Taser only once in a domestic violence situation that could have quickly become much more dangerous to everyone involved." 590 F.3d at 1090. The *Mattos* court also stated at 1089 that, "Finally, in weighing the gravity of the Fourth Amendment intrusion against the government's interest, we conclude that the force used against Jayzel was reasonable within the meaning of the Fourth Amendment." The *Mattos* court then stated, crucial to the present case which involved a domestic violence response and a Taser use, that ". . .we recognize that in responding to a domestic violence call, the officers confronted a dangerous and volatile situation." *Mattos*, 590 F.3d at 1089. As in *Mattos*, the present officers were likewise confronted by a similar disturbing suspect as in the *Mattos* case, making applicable the statement of the *Mattos* court that, "When . . .Troy began yelling profanities at the officers. . .the officers felt the need to arrest him to finish their investigation and defuse the situation." 590 F.3d at 1089.

/ / /

3

In addition to the inherent dangers of responding to domestic calls, where personal emotions attending relationships and deeply significant home issues arise, police are also constrained by the Ninth Circuit's requirements that heightened protection for potential domestic violence victims be extended and by the California state legislature's injunction that thorough investigation of domestic violence cases be fulfilled.  The Ninth Circuit has twice found liability potential where allegations were that the officers did not do enough to protect a potential domestic violence victim.  *Balistreri v Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990); *Navarro v Block*, 72 F.3d 712 (9th Cir. 1995).  California state law requires officers responding to domestic violence calls to be sure to conduct a thorough investigation, interview those involved or those who may have been witnesses, do everything to develop probable cause, to arrest only one person if at all possible and to make sure that the interests of the potential victim are zealously safeguarded.  Penal Code Section 13701(a) and (b).

For the fourth in limine motion to seek exclusion of the unique nature of domestic violence investigation is at loggerheads with a large body of Ninth Circuit and California law.  Further, no citations to any legal authority is given.  No argument concerning exclusion of domestic violence investigation is given.  Indeed, it is omitted from the conclusion section on page four, lines 14 through 17, as though it were a mere passing thought which was not really in the brief writer's serious contemplation.  Therefore, defendants respectfully request the Court to deny the passing reference to exclusion of domestic violence investigations, referenced on page three at line 18.  Otherwise, defendants agree to the motion as specified in the text of this response

/ / /

/ / /

/ / /

/ / /

/ / /

4

1 | above.

3 |      Dated:  April ____, 2010

4 |                        LAW OFFICES OF ALAN E. WISOTSKY

6 | By: _____
JEFFREY HELD
Attorneys for Defendants, CITY OF
SANTA PAULA, SANTA PAULA
POLICE DEPARTMENT, STEVE
MacKINNON, CARLOS MITRE,
CODY MADISON, and RYAN SMITH