BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual<br><br>Plaintiff,<br><br>-vs-<br><br>THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. CV09-02590 (DSF-MAN)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 [TO EXCLUDE ENTITY ISSUE EVIDENCE IN LIABILITY PHASE]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to

1

Trifurcate the Trial.

Defendants' Motion in Limine No. 1 seeks an order trifurcating the trial into separate phases involving the officers' liability, *Monell* liability, and punitive damages. If trifurcation is ordered, the jury will be required to deliberate three separate times at the end of each phase of the trial. For the following reasons, trifurcation should be denied because it does not promote judicial economy, and no prejudice to the parties will result.

**I. DEFENDANTS' MOTION TO TRIFURCATE THE UNDERLYNG CONSTITUTIONAL VIOLATIONS, THE COMPENSATORY AND PUNITIVE DAMAGES ISSUES, AND THE *MONELL* CLAIMS SHOULD BE DENIED.**

The Court should not trifurcate this case, pursuant to F.R.C.P. Rule 42(b). Bifurcation or trifurcation of claims into one phase against individual officer Defendants, followed by a second phase against municipal Defendants, is not necessary, efficient, or desirable in this case, for the following reasons:

(1) A bifurcated or trifurcated trial may cause a repetitious, dual or triple trial to occur causing the necessary presentation of a good deal of the same evidence twice before a jury during a second phase against municipal Defendants. See, e.g. *Harlow v. Fitzgerald*. 457 U.S. 800, 102 S.Ct. 2727 (1982); *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398 (1980).

(2) Since the evidence presented in the second phase of trial would be repetitive in some respects, this could confuse the jury, tire or exhaust the jury, and could prejudice Plaintiff's ability to present his best case at trial against the Defendants;

2

(3) The repetition and length of a double or triple phase trial would tax the Court's time and would not be convenient or judicially economical.

F.R.C.P. Rule 42(b) permits courts to order separate trials of Plaintiff's claims when doing so will be expeditious and serve the interests of judicial economy. The decision of whether to sever parties or claims from an action, or order separate trials, is left to the sound discretion of the Courts. *Cravens v. County of Wood. Ohio*, 856 F.2d 753, 755 (6th Cir. 1988); *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 Cir. 1996).

The presumption is that all claims in a case will be resolved in a single trial, and it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice, that distinct causes of action asserted in the same case may be made the subject of separate, bifurcated trials. *Miller v. Am. Bonding Co.*, 257 U.S. 304, 307, 42 S.Ct. 98 (1921); *Jeanty v. County of Orange*, (S.D.N.Y. 2005), 379 F.S.2d 533, 549; *Martinez v. Robinson*, 2002 WL 424680 (S.D.N.Y. 2002).

Just as Defendants have cited cases in their Motion in which Courts have granted bifurcation of civil rights trials of this nature, there are also cases in which Courts have denied bifurcation of this kind of trial. *Jeanty. supra*, 548-550; *Medina v. City of Chicago*, (N.D. Ilinois 2000), 100 F.S.2d 893, 895-898; *Green v. Baca*, (C.D.Cal. 2005), 226 F.R.D. 624, 630-634. In *Jeanty, supra*, at 546-547, the Court ruled that material issues of fact as to whether excessive force incidents occurred with sufficient frequency to warrant special training of correctional officers, precluded summary judgment that the County, sued under Section 1983, was not liable under the Eighth Amendment for failure

3

to train and supervise personnel who broke the arm of a county jail inmate.

The Court ruled that in determining whether to sever an action, Courts are to consider whether:

(1) The issues sought to be tried separately are significantly different from one another;

(2) Separable issues require the testimony of different witnesses and different documentary proof;

(3) Party opposing the severance will be prejudiced if it is granted; and,

(4) Party requesting the severance will be prejudiced if it is not granted. *Jeanty, supra,* at 549.

The Court further held that trial of individual corrections officers under Section 1983 would not be bifurcated from trial of the County on the claim of improper training or supervision because:

(1) Some factual issues would overlap which made a joint trial judicially efficient; and

(2) Any prejudice to individuals arising from evidence adduced regarding policies and procedures could be eliminated through carefully crafted limiting jury instructions. *Jeanty, supra,* at 549-550.

Contrary to Defendants' assertion, the presence of the *Monell* claim in this action does not create an order of proof that favors bifurcation. That is, the mere fact that the jury might return a verdict on Plaintiff's Section 1983 claim in favor of the police officers

4

and thereby avoid its consideration of the *Monell* claim does not compel bifurcation. There are less burdensome ways to deal with that situation, including use of a special verdict form, a well-adapted jury charge, and carefully crafted limiting instructions. Contrary to Defendants' assertions, separate trials would not be efficient and would inconvenience the court, the jury, and the Plaintiff.

In *Brown v. Advantage Engineering v. Amoco Chemical Co.*, 732 F. Supp. 1163, 1171 (N. D. Ga 1990), the Court rejected bifurcation, citing the Advisory Committee Note to Rule 42 (b) which states that separation of issues for trial is not to be routinely ordered. (732 F. Supp at 1170). The Court further noted that a general practice of bifurcating all negligence cases was disapproved.

Defendants also claim that the jury will be incapable of differentiating between liability standards that apply to the individual officers and other standards that apply to the entity defendant. Defendants show little faith in the collective intelligence of the jury. In *Hamm v. American Home Products Corp.*, 888 F. Supp. 1037, 1039-40 (E. D. Ca 1995), the court cited Brown with approval for the proposition that bifurcation is not be routinely ordered, and noted as follows:

> ....the court is not persuaded that the jury in this case will be unable or unwilling to distinguish between evidence pertaining to liability or culpability and evidence prtaining to the measure of damages. The experience of this court does not support such a dark view of juror competence. Moreover, any concerns about potential prejudice to the defendant may be directly addressed, and the prejudice cured, with appropriate limiting instructions. (*Id.* At 1039-40.)

As a corollary to this Motion in Limine, Defendants make an unwarranted further

5

request to the Court; that the Court enter an order excluding all reference to and evidence of matters outside the circumstances of the contact between the individual officers and the Plaintiff on the occasion in question, and not limited to, the officers' personnel records, complaints of any other citizens, actions of other officers on other occasions, actions of these officers on other occasions, training materials and records, and the punitive damages issues. This is a massive request, and should be denied as prejudicial to Plaintiff, and as many of these matters are addressed in Responses to other Defendants' Motions in Limine, such as No. 17.

## II. CONCLUSION

As stated above, bifurcation or trifurcation of this case could require this Court to try two, or even three cases that require introduction of overlapping evidence. Such a result would clearly not further F.R.C.P. Rule 42(b) goals of efficiency and convenience. Some factual issues would overlap, which means that there would be judicial efficiency in a joint trial as opposed to a bifurcated or trifurcated trial. Also, any prejudice to individual Defendants arising from evidence adduced regarding policies and procedures could be eliminated through carefully crafted limiting jury instructions. For these reasons, Defendants' motion for trifurcation of trial should be denied.

DATED: April 18, 2010         THE LAW OFFICES OF BRIAN A. VOGEL, PC

                              By: _/s/ Brian Vogel_____
                              Brian A. Vogel
                              Attorney for Plaintiff
                              Max Villanueva Vasquez