BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual | CASE NO. CV09-02590 (DSF-MAN) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 [TO EXCLUDE PLAINTIFF'S CRIMINAL PROSECUTION AND ITS DISMISSAL]** |
| -vs- | |
| THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive. | .Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |
| Defendants. | |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to

1

exclude evidence of Plaintiff's criminal prosecution and its dismissal.

## I. EVIDENCE OF CHARGES AGAINST PLAINTIFF BEING DISMISSED IS ADMISSIBLE AND HIGHLY RELEVANT TO PLAINTIFF'S CLAIMS.

The Defendants assert that evidence of the Plaintiff's prosecution and dismissal thereof should not be placed into evidence. They are correct when they state that the sole purpose in introducing such evidence would be to support his claim that the officers had no lawful basis for their action in arresting Plaintiff for a violation of Penal Code section 148, resisting an officer in the lawful performance of his duties. If an officer was using excessive force against Plaintiff, he was not engaged in the lawful performance of his duties under California law and evidence that this charge was dismissed is therefore highly relevant to Plaintiff's claims.

The jury needs to know the result of the arrest and prosecution to help them evaluate what really occurred on the night in question. If they did not, they might speculate that Mr. Vasquez was convicted of one or more of the crimes for which he was arrested. The jury should hear evidence of the fact that when the case against Plaintiff was evaluated it was dismissed. Such evidence supports Plaintiff's claim that excessive force was used against him and that he was unlawfully arrested for a violation of Penal Code section 148 in order to cover-up the use of excessive force against him.

## II. EVIDENCE IS ADMISSIBLE IF IT IS USED TO PROVE A FACT IS LESS PROBABLE OR NOT.

The Defendants cite *De Anda v. City of Long Beach*, 7 F. 3rd 1418 (9th Cir. 1993)

for the proposition that evidence of a case being dismissed against an individual who later files a Section 1983 action arising from his arrest does not make the existence of probable cause more or less likely.

The *De Anda* case held that under Federal Rule of Evidence 401, evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. In section 1983 actions, the existence of probable cause is a question for the jury; see *Smiddy v. Varney,* 665 F.2d 261, 265 (9th Cir.1981), cert. denied, 459 U.S. 829, 103 S. Ct. 65, 74 L. Ed.2d 66 (1982). The determination of that issue depends on whether the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Dunaway v. New York,* 442 U.S. 200, 208 n. 8, 99 S. Ct. 2248, 2254 n. 8, 60 L. Ed.2d 824 (1979). Thus, to be relevant, the dismissal must make the issue of the existence of probable cause more or less likely.

Plaintiff contends the officer Defendants knew he was not a danger to them or others and that they nonetheless used excessive force against him. Plaintiff further claims the arrest was used simply to cover-up or justify the Defendant officers' excessive use of force. Police officers who use excessive force are not engaged in the lawful performance of their duties under California law. Furthermore, a person has a right to defend himself from an unlawful arrest in which the officer is uses excessive force against him.,

3

California law provides that:

> A peace officer is not permitted to use unreasonable or excessive force [in making or attempting to make an otherwise lawful arrest]...
>
> If an officer does use unreasonable or excessive force [in making or attempting to make an arrest] [in detaining or attempting to detain a person for questioning], the person being [arrested] [detained] may lawfully use reasonable force to protect [himself] [herself]. *Smith v. Hemet,* 356 F.3d 1138, 1142, fn 4, (9th Cir. 2004), (opinion vacated on other grounds by rehearing *en banc,* in *Smith v. Hemet,* 394 F. 3d 689, (9thCir. 2005); (See also *People v. White,* (1980) 101 Cal.App.3d 161, 166–169)

Recently, in *People v. Adams* (2009)176 Cal.App.4th 946, a California Court of Appeal reexamined the law in this area and held that:

> [T]he use of unreasonable or excessive force to make an arrest constitutes a public offense. (*People v. Soto* (1969) 276 Cal.App.2d 81, 85.) And all persons have a right to prevent injury to themselves by resisting a public offense (Pen.Code, § 692). Moreover, a person who uses reasonable force to protect himself [...] against the use of [...] excessive force in making an arrest is not guilty of any crime. (*Soto,* at p. 85, 80 Cal.Rptr. 627.) The right to resist excessive force used to make an arrest is an application of the law of self-defense. (*People v. Curtis* [ (1969) ] 70 Cal.2d [347,] 356, 74 Cal.Rptr. 713, 450 P.2d 33.). The Attorney General, having found no authority to suggest otherwise, emphasized that the rules of self-defense apply equally in the contexts of a citizen's arrest and a peace officer's arrest. We agree.

*Id* at 952-953.

Thus, the dismissal of the Penal Code section 148 charge calls into serious question the conduct of the Defendants and whether probable cause existed for his arrest on this charge. Plaintiff wishes to provide evidence of a fact, (the dismissal of the criminal prosecution for a violation of Penal Code section 148), so that the jury can make an informed decision as to what occurred on the night in question and determine whether

the Defendant officers had probable cause to arrest him for violating California Penal Code section 148.

### III. CONCLUSION

Based on the foregoing, it is clear that evidence of the fact that the criminal case against Plaintiff was dismissed is highly relevant to Plaintiff's claims for two reasons: 1) it supports his contention that the officers were not engaged in the lawful performance of their duties when they used excessive force against him and, 2) it provides contradictory evidence regarding Defendants' claim that they had probable cause to arrest Plaintiff for a violation of Penal Code section 148.

For these reasons, Plaintiff respectfully requests that Defendants' Motion In Limine to exclude such evidence of prosecution and dismissal be denied.

DATED: April 18, 2010        THE LAW OFFICES OF BRIAN A. VOGEL, PC


By: *Brian Vogel*
    Brian A. Vogel
    Attorney for Plaintiff
    Max Villanueva Vasquez