1  BRIAN A. VOGEL, SBN 167493
2  THE LAW OFFICES OF BRIAN A. VOGEL, PC
   770 County Square Dr., Ste. 104
3  Ventura, CA 93003
4  Phone: (805) 654-0400
   FAX: (805) 654-0326
5  EMAIL: brian@bvogel.com

6
   Attorney for Plaintiff
7  MAX VILLANUEVA VASQUEZ

8

9
              UNITED STATED DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11

12

13
   MAX VILLANUEVA VASQUEZ, an individual  )  CASE NO. CV09-02590 (DSF-MAN)
14                                         )
                        Plaintiff,         )  **PLAINTIFF'S OPPOSITION TO**
15                                         )  **DEFENDANTS' MOTION IN**
                                           )  **LIMINE NO. 3: TO EXCLUDE**
16                                         )  **PRIOR OR SUBSEQUENT USES**
               -vs-                        )  **OF FORCE BY ANY OF THE**
17                                         )  **INDIVIDUAL DEFENDANT**
   THE CITY OF SANTA PAULA, THE SANTA      )  **OFFICERS**
18 PAULA POLICE DEPARTMENT, POLICE         )
   CHIEF STEVE MACKINNON, OFFICER          )
19 CARLOS MITRE, OFFICER CODY MADISON,     )  Date: May 3, 2010
20 OFFICER RYAN SMITH in both their individual )  Time: 3:00 p.m.
   and official capacities, and DOES 1-10, inclusive. )  Ctrm: 840 Roybal
21                                         )
22                                         )
                                           )
23                      Defendants.        )
   _____)

24
        Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following
25
26 memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to

27 exclude all argument and evidence concerning previous or later applications of force by

28
                                    1

the individual defendant officers Mitre and Madison outside of their contact with the plaintiff.

## I. CHARACTER EVIDENCE AND EVIDENCE OF OTHER PRIOR OR SUBSEQUENT USES OF FORCE OF INDIVIDUAL DEFENDANT OFFICERS IS ADMISSIBLE.

Defendants assert that evidence of the Defendant officers' prior or subsequent uses of force should be excluded from this trial on the basis that it violates Federal Rule of Evidence 404(b) and would be highly prejudicial.  However, Defendants fail to identify or articulate the specific nature of the evidence they wish to exclude and why it is irrelevant to the present action. In his complaint, plaintiff asserted a number of claims against these defendants. Discovery propounded by plaintiff to defendants revealed several complaints against Officer Mitre in which citizens complained that he acted unprofessionally or used excessive force against them.

In *Duran vs. City of Maywood*, 221 F. 3rd 1127 (9th Cir. 2001),  the court stated that 'other acts' can be admissible if the following test is satisfied, (1) there must be sufficient proof for the jury to find that the defendant committed the other act (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; (4) the other act must, in some cases, be similar to the offense charged; and (5) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice under Rule 403. *Id*. at 1133.

As to the first element, evidence of the prior uses of force by defendant Mitre are

contained within his personnel file which is maintained by the Defendants themselves. Secondly, the prior incidents involving excessive force were less than ten (10) years ago. As to the third and fourth elements, the acts which the plaintiff's wish to introduce are similar to the allegations raised in the present case.

Finally, Rule 403 does not protect a party from all prejudice, only unfair prejudice. "[U]nfair prejudice" as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. (*Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir.1977).) "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (Fed. R. Evid. 403 advisory committee's note.)  Furthermore, "Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Mende*, 43 F.3d, 1298, 1302 (9th Cir. 1995).  However, exclusion under this rule is "an extraordinary remedy to be used sparingly." *Id.*  Here, the proposed evidence of other uses of force is not unfairly prejudicial within the meaning of Rule 403.

Plaintiff should be permitted to question defendants Mitre as to whether he has ever been involved in the use of excessive force. This evidence is material to an issue in plaintiff's case, that defendant officers used unreasonable and excessive force.  If he denies that he has done so in the instant case, or in previous or subsequent situations, plaintiff should be permitted to introduce evidence from his personnel files to prove that similar charges of excessive force were raised by citizens and included in his personnel file.

## II. CONCLUSION

Based on the foregoing, it is clear that evidence from the defendants' own personnel files of prior acts of excessive use of force and misconduct is admissible and highly relevant to the claims asserted by the plaintiff, herein. For these reasons, plaintiff respectfully requests that defendants' Motion In Limine to exclude such evidence be denied.

DATED: April 18, 2010                           THE LAW OFFICES OF BRIAN A. VOGEL, PC


                                        By:    _____
                                               Brian A. Vogel
                                               Attorney for Plaintiff
                                               Max Villanueva Vasquez

4