BRIAN A. VOGEL, SBN 167413
THE LAW OFFICES OF BRIAN A VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Phone: (805) 654-0400
Fax: (805) 654-0326
Email: Brian@BVogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual, | CASE NO. CV09-02590 (DSF-MAN) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 [TO EXCLUDE EVIDENCE OF LESSER INTRUSIVE ALTERNATIVES TO THE FORCE ACTUALLY UTILIZED]** |
| -vs- | |
| THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive, | DATE: May 3, 2010<br>TIME: 3:00 p.m.<br>CTRM: 840 Roybal |
| Defendants. | |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to exclude evidence that lesser intrusive alternatives to the force actually used were available.

1

## I. EVIDENCE OF LESSER INTRUSIVE ALTERNATIVES TO THE FORCE ACTUALLY UTILIZED IS ADMISSIBLE AND HIGHLY RELEVANT TO PLAINTIFF'S CLAIMS.

At the time Plaintiff was subdued, at least two officers were present. Despite the fact that Plaintiff had never verbally or physically threatened the Officers, he was grabbed, pinned against the garage door with an officer holding his throat, and then tased twice. Other techniques to detain or subdue him were not tried. Most importantly, while Plaintiff was lying face-down under Mitre's control, and with at least one of his hands behind his back, Defendant Officer Madison unnecessarily tased Plaintiff.

By defense Motion in Limine No. 4, Defendants seek to prevent the introduction of evidence of lesser intrusive alternatives to the force actually used to subdue Plaintiff, on the grounds that such evidence is not admissible in Section 1983 excessive force cases. efense counsel has properly stated that the question to be answered by the jury in a §1983 case alleging excessive force is whether the force actually utilized was or was not reasonable. However, evidence of the availability of alternatives to subdue Plaintiff goes to the heart of whether the Defendant Officers' use of force was reasonable in this case.

## II. EVIDENCE OF ALTERNATIVE METHODS OF CAPTURING OR SUBDUING A SUSPECT IS HIGHLY RELEVANT IN DETERMINING THE REASONABLENESS OF A PARTICULAR USE OF FORCE.

While police officers need not use the least amount of force available, *Scott v. Henrich*, 39 F. 3d 912, 915, (9th Cir. 1994), Defendants confound this issue with the actual issue in this case, the reasonableness of the force employed. Contrary to Defendants' assertion that the Ninth Circuit has "excluded evidence and argument concerning lesser intrusive alternatives available

to the officer on four occasions," numerous decisions of the Ninth Circuit have held that the "availability of alternative methods of capturing or subduing a suspect may be a factor to consider" in determining the objective reasonableness of a particular use of force. *Chew v. Gates* 27 F. 2d 1432, 1440 fn.53, (9th Cir. 1994).

In the more recent case, *Smith v. City of Hemet*, 394 F. 3d 689, (9th Cir. 2005), the Court addressed the question of alternative methods of subduing a suspect, and found that such evidence is highly relevant in evaluating the reasonableness of force used:

> As we have previously explained, an additional factor that we may consider in our *Graham* analysis is the **availability of alternative methods of capturing or subduing a suspect.** (*Chew v. Gates*, 27 F.3d at 1441 n.5.) Smith argues that the officers' conduct violated applicable police standards and that there were alternative techniques available for subduing him that presented a lesser threat of death or serious injury (than use of police dog)...He concluded that the officers could and should have used control holds to complete the arrest rather than to sic [the dog] on him once they had him restrained on the ground. ...**A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable.** [citations].
> *Id.* at p. 249-250 (emphasis added).

Defendants cite *Forrester v. City of San Diego* 25 F. 3d 804, (9th Cir. 1994), in support of their position. But *Forrester* indicates that in analyzing an excessive force case, the inquiry is whether the force used to effect a particular seizure was reasonable. *Id.* at p. 807-808. Analysis of reasonableness under the circumstances must necessarily include consideration of alternative means and methods of subduing or capturing the suspect.

The Ninth Circuit recently held in *Bryan v. McPherson*, 590 F.3d 767, 780, (9th Cir. 2009), that police are "required to consider'[w]hat other tactics if any were available' to effect the arrest," [citations]. Further, the Court recognized, "the equally settled principle that officers

must *consider* less intrusive methods of effecting the arrest and that the presence of feasible alternatives is a *factor* to include in our analysis." *Id.* at 780, fn 15.

In *Brooks v. Seattle*, 2010 WL 1135776 (9th Cir.2010) at p. 5, the Ninth Circuit held that: "Determination of that reasonable range requires consideration of the totality of the circumstances, *Forrester v. City of San Diego*, 25 F.3d 804, 806 n. 2 (9th Cir.1994), including whether a warning was given, *Deorle v. Rutherford*, 272 F.3d 1272, 1283-84 (9th Cir.2001), and the availability of alternative methods of capturing and subduing a suspect, *Smith*, 394 F.3d at 701-02." *Ibid.*

The instant case involves the use of excessive force to subdue a young man who did not threaten the officers, was not violent, and was not resisting, at the time that the officers employed excessive force against him. By their own admission, Defendant Officers were responding to a call of a minor domestic dispute that had occurred at another address. In order to assess the reasonableness of the Defendants' use of force, the jury must be permitted to consider evidence that alternative methods of subduing Plaintiff were available, e.g., verbally asking him to comply with commands, to lay prone, or place his hands behind his back, to threaten or warn that force would be used before it was employed, or to use more than one officer to physically control him. Instead, the Defendant Officers chose to use force immediately, without appropriate verbal commands or warnings. Further, the force they chose to use was unnecessary against an unarmed young man standing on the porch of his mother's house.

///

///

## II. CONCLUSION

Based on the foregoing, it is clear that in this case, evidence of the availability of less intrusive, alternative methods of subduing Plaintiff would be highly relevant to the jury's determination of the objective reasonableness of the use of force by Defendants. For these reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to exclude such evidence be denied.

DATED: April 18, 2010

                                        Respectfully submitted,

                                        THE LAW OFFICES OF BRIAN A. VOGEL, PC

                                        By: _____
                                               BRIAN A. VOGEL
                                               Attorney for Plaintiff
                                               MAX VILLANUEVA VASQUEZ