BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

UNITED STATED DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual | CASE NO. CV09-02590 (DSF-MAN) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 [EXCLUDING HIRING, BACKGROUND, AND EMPLOYMENT RECORDS OF THE INDIVIDUAL OFFICERS]** |
| -vs- | |
| THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive. | Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |
| Defendants. | |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to exclude the hiring, background, and employment records of the individual defendant

1

officers. Evidence sought to be excluded includes performance evaluations, employment records, psychological testing, internal affairs investigations, discipline against the individual officers, and any developments in their police or non-police employment.

## I. PLAINTIFF SHOULD BE PERMITTED TO SOLICIT EVIDENCE REGARDING DEFENDANT OFFICERS DISCIPLINARY ACTIONS AND ANY RELEVANT COMPLAINTS AGAINST THEM.

Plaintiff should be permitted to present evidence of any incidents with defendant officers excessive use of force and relevant complaints that would tend to bolster Plaintiff's claim of use of excessive force in the instant case. This evidence is admissible pursuant to Federal Rules of Evidence 406 regarding habit and custom, and Federal Rules of Evidence 404(b) regarding other bad acts evidencing motive, intent, plan, opportunity, preparation, and/or knowledge by individual defendant officers.

This evidence of disciplinary actions would go to show defendants' habit and custom of disrespect and disregard toward the constitutional and civil rights of persons suspected of some illicit behavior. (Federal Rules of Evidence 406: Evidence of the habit of a person or of the routine practice of an organization whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.) Thus, evidence of disciplinary action for use of excessive force is relevant to prove that the conduct of an individual officer (s) or the organization, Santa

Paula Police Department, in regard to Plaintiff, was in conformity with "habit or routine practice."

Defendants are attempting to obtain a blanket order of exclusion on any complaints and disciplinary actions against them. In other words, any evidence of other wrongful "bad acts" and habits. However, under Federal Rules of Evidence 404(b), Plaintiff is clearly allowed to solicit such evidence and offer arguments regarding other "bad acts" where these other "bad acts" are offered to show motive, intent, plan, opportunity, preparation, knowledge, or identity, or absence of mistake or accident.

Any evidence from administrative discipline or complaints against individual officers can be admissible, if relevant, and if it is offered for other reason than for character evidence. For example, some evidence may be offered for evidence of habit or custom under Federal Rules of Evidence 406 or as 'other bad acts' under Federal Rules of Evidence 404(b). Therefore, a blanket order that Plaintiff cannot bring into evidence or argument any prior complaints and discipline against defendant officers would be improper.

Federal Rules of Evidence Rule 403 allows the trial judge to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *United States v. Mende*, 43 F.3d, 1298, 1302 (9th Cir. 1995). However, exclusion under this rule is "an extraordinary remedy to be used sparingly." *Id*. The facts and circumstances of this case do not call for such an "extraordinary" remedy.

///

## II. CONCLUSION

Based upon the foregoing, defense Motion in Limine no. 5, a blanket Order of exclusion as requested by Defendant should be denied.

DATED: April 18, 2010             THE LAW OFFICES OF BRIAN A. VOGEL, PC

                                  By:  /s/ Brian Vogel
                                       Brian A. Vogel
                                       Attorney for Plaintiff
                                       Max Villanueva Vasquez