BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. CV09-02590 (DSF-MAN)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 [TO EXCLUDE PRE-SEIZURE CONDUCT WHICH WAS NOT AN INDEPENDENT CONSTITUTIONAL VIOLATION]**<br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to exclude pre-seizure conduct which was not an independent constitutional violation.

1

# I. THE JURY MUST BE ALLOWED TO CONSIDER WHETHER A USE OF FORCE IS OBJECTIVELY REASONABLE UNDER ALL OF THE CIRCUMSTANCES.

Defendants cite an Eighth Circuit case, *Schultz v. Long* 44 F.3d 643, for the proposition that federal courts scrutinize only the seizure itself, rather than the events leading up to the seizure, for reasonableness under the Fourth Amendment. *Id.* at 648. Defendants then request exclusion in limine of all reference to and evidence of the officers' alleged pre-seizure misconduct. While it is not exactly clear what alleged misconduct the motion refers to, the motion concludes that criticism of the officers for not having done more to have obviated the situation before or after their arrival would have nothing to do with their conduct in investigating and handling the situation resulting in the application of force against the plaintiff.

The Defendants' motion is vague and confusing and should be denied. The law on this point is adequately covered in Ninth Circuit Model Jury Instruction 9.22 which instructs the jury that "[u]nder the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" **under all of the circumstances**. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. In determining whether the officers used excessive force in this case, **consider all of the circumstances known to the officers on the scene**, including. . ." This instruction then lists six factors which the jury should weigh in determining whether the force used was reasonable.

While it is unclear exactly what alleged pre-seizure misconduct is being targeted for exclusion by the Defendants' motion, the jury should be allowed to consider whether the use of force was reasonable under all of the circumstances. If there was some significant pre-seizure misconduct, surely it would warrant consideration in the calculus of reasonableness under the Fourth Amendment.

## IV. CONCLUSION

Based on the foregoing, it is respectfully requested that the motion be denied.

DATED: April 18, 2010        THE LAW OFFICES OF BRIAN A. VOGEL, PC

By: /s/ Brian Vogel
Brian A. Vogel
Attorney for Plaintiff
Max Villanueva Vasquez