BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual<br><br>Plaintiff,<br><br>-vs-<br><br>THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. CV09-02590 (DSF-MAN)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 9 [TO EXCLUDE ULTIMATE ISSUE TESTIMONY]**<br><br><br><br>Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to exclude all ultimate issue characterization by expert and lay witnesses.

1

## I. PLAINTIFF CANNOT BE ORDERED TO PRECLUDE TESTIMONY OF A WITNESS WHO IS NOT UNDER PLAINTIFF'S CONTROL.

Jennifer Jump is an independent eye witness, over whom Plaintiff or counsel have no control. Neither Plaintiffs or Defendants can, or are allowed, to advise or direct Ms. Jump as to what she should, or should not, testify about. Therefore, this motion should be denied, since if the Court does grant the motion, it will be impossible for Plaintiff, Defendants or their counsel to enforce the Court order.

## II. ANY OBJECTION TO MS. JUMP'S TESTIMONY IS WAIVED AS IT WAS NOT TIMELY MADE DURING HER DEPOSITION.

Fed. R. of Ev. Rule 32(d)(3)(B) provides that an objection to an error or irregularity at an oral examination is waived if:

(i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

(ii) it is not timely made during the deposition.

In this case, Defendants' counsel at the time the deposition of Ms. Jump was taken, did not object to her referring to the use of force as excessive and did not move to strike her answer. Therefore, pursuant to Fed. R. of Ev. Rule 32(d)(3)(B), any objection to said testimony has been waived.

/ / /

**III. MS. JUMP'S TESTIMONY IS ADMISSIBLE**

Fed. R. of Ev. Rule 701 provides that a witness' testimony in the form of opinions or inferences is appropriate provided it is limited to those opinions or inferences which are rationally based on the perception of the witness. As a percipient witness, Ms. Jump can offer her opinions and inferences.

The rule prohibiting testimony concerning ultimate issues has been abolished, and Fed. R. of Ev. Rule 704(a) provides that testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Under the Federal Rules of Evidence, opinion testimony is admissible as long as the witness is competent to testify, that is, as long as the witness has perceived the events upon which his opinion is based. The opinion may embrace the ultimate issue to be decided by the trier of fact. See *U.S. v. Crawford*, 239 F.3d 1086, 1090 (9th Cir., 2001) (lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible); *U.S. v. Allen*, 10 F.3d 405, 414 (7th Cir., 1993) (it is no longer a valid objection that witness is offering an opinion on an ultimate issue ); *Wade v. Haynes*, 663 F.2d 778, 783 (C.A.Mo., 1981) (it is settled that testimony otherwise admissible is not inadmissible because it embraces an ultimate issue to be decided by the trier of fact); *U.S. v. Miller*, 600 F.2d 498, 500 (C.A.Miss., 1979) (Rule 704 of the Federal Rules of Evidence clearly permits a witness to express an opinion on an ultimate issue to be decided by the jury.)

It is proper for a lay witness, in relating his observations, to testify in terms which

include inferences and to state all relevant inferences, whether or not they embrace ultimate issues to be decided by the trier of fact, unless the trial judge, exercising judicial discretion, determines that drawing such inferences require special skill or knowledge or would tend to mislead the jury. *State v. Wigley*, 5 Wash.App. 465, 468 (Wash.App. 1971).

Ms. Jump should be allowed to offer her opinions and inferences as to events she witnessed.

## IV. CONCLUSION

Based on the foregoing, it is respectfully requested that the motion be denied.

DATED: April 8, 2010            THE LAW OFFICES OF BRIAN A. VOGEL, PC


By:  *Brian Vogel*
     Brian A. Vogel
     Attorney for Plaintiff
     Max Villanueva Vasquez