BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. CV09-02590 (DSF-MAN)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 16 [TO EXCLUDE SETTLEMENTS OF OTHER LITIGATION BY OR ON BEHALF OF THE CITY OF SANTA PAULA]**<br><br>Date:  May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to

1

exclude evidence of of settlements of former litigation by or on behalf of Defendant City of Santa Paula (City).

### I. EVIDENCE OF OTHER BAD ACTS OR THE CUSTOMS, HABITS AND PRACTICES OF THE DEFENDANTS IS ADMISSIBLE.

Defendants assert that evidence of Defendant City's settlements of prior litigation should be excluded from this trial on the basis that it would violate Federal Rule of Evidence 404(b) and would be highly prejudicial. Approximately a year before this litigation, the City settled a case involving Taser use by one of its officers. Although with different circumstances and parties, similarities in this and any other such settled cases would be relevant to the jury's evaluation of the evidence in the instant case. Such evidence would go to establish patterns and practices of Defendants City and Santa Paula Police Department (SPPD). Such evidence would also be relevant as to policies and procedures and/or customs, habits and practices of Defendants City and SPPD.

Discovery propounded by Plaintiff to Defendants revealed a number of instances in which charges of excessive use of force by one or more of the named Defendants were found. In fact, one of these prior incidents involved Defendant Mitre.

In *Duran vs. City of Maywood*, 221 F. 3rd 1127 (9th Cir. 2001), citing *United States vs. Bibo-Rodriguez*, 922 F 2nd 1398 (9th Cir. 1990), the Court stated that other acts can be admissible if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the

case; and (4) the other act must, in some cases, be similar to the offense charged.

Evidence of the settlement by Defendant City of an excessive use of force involving a Taser tends to prove that ...there is a pattern and practice of such excessive use of force similar to the circumstances of the instant case. The prior incident (s) involving excessive force was (were) recent (less than ten (10) years ago). As to the third and fourth elements, the acts which the plaintiff wishes to introduce are certainly similar if nearly identical to the allegations raised in the present case.

## II. DEFENDANTS HAVE NOT MET THEIR BURDEN THAT THE EVIDENCE
## IS UNDULY PREJUDICIAL

Defendants try to persuade the court by irrelevant and misguided arguments, stating that, "It would invite the jury to judge the defendant officers and the City in this case by the settlement of another case." The evidence that Plaintiff intends to provide is not unduly prejudicial. Evidence is not inadmissible just because it is unfavorable. Rule 403 does not protect a party from all prejudice, only unfair prejudice. [U]nfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. *Dollar v. Long Mfg.*, N.C., Inc., 561 F.2d 613, 618 (5th Cir.1977). Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. (Fed. R. Evid. 403 advisory committee's note.)

None of the evidence that Plaintiff wishes to introduce is for an improper basis nor emotional evidence. Evidence of prior instances of escessive force which relulted in settlements may be relevant to prove improper training and/or a custom, habit and practice

of engaging in the use of excessive force by improper use of the Taser weapon.

**CONCLUSION**

Based on the foregoing, it is clear that evidence from the defendants own personnel files of prior acts of misconduct is admissible and highly relevant to the claims being asserted by the plaintiff, herein, as to the integrity and credibility of a defendant. For these reasons, Plaintiff respectfully requests that defendants' In Limine Motion to exclude such evidence be denied.

DATED: April 18, 2010           THE LAW OFFICES OF BRIAN A. VOGEL, PC


                                By: /s/ Brian Vogel
                                    Brian A. Vogel
                                    Attorney for Plaintiff
                                    Max Villanueva Vasquez