BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual | CASE NO. CV09-02590 (DSF-MAN) |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 17 [TO EXCLUDE SANTA PAULA POLICE DEPARTMENT AND OTHER LAW ENFORCEMENT AGENCY POLICIES AND PROCEDURES] |
| -vs- | |
| THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive. | Date: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal |
| Defendants. | |

Plaintiff, MAX VILLANUEVA VASQUEZ, hereby submits the following memorandum of Points and Authorities in Opposition to Defendants' Motion in Limine to exclude Santa Paula Police Department policies and practices manuals, as well as any law

1

enforcement agencies' policies and practices manuals. For the following reasons, the jury should be permitted to consider such evidence as one factor in determining the reasonableness of Defendant Officers' detention and use of force against Plaintiff.

## I. EVIDENCE OF POLICE DEPARTMENT POLICIES, PRACTICES AND STANDARDS IS ADMISSIBLE FOR THE PURPOSE OF EVALUATING THE REASONABLENESS OF A PARTICULAR USE OF FORCE.

Defendants seek to prevent the introduction of the policies of the Santa Paula Police Department as well as any other police practices manuals on the grounds that such evidence is always inadmissible in the liability phase of a Section 1983 excessive force case.

The Defendants assert that the violation of police policies, practices and standards do not amount to a civil rights violation. Plaintiff concedes that violations of police policies and standards, in and of themselves, do not constitute a civil rights violation. However, defendants provide no recent authority for their blanket statement that evidence of such polices and standards is inadmissible for any purpose during the liability phase of the trial. In fact, the Ninth Circuit has held that such information is relevant to a jury's determination of the liability of the individual officers, and specifically, whether excessive force was used. While such evidence is not dispositive, a plaintiff may show that guidelines were violated as proof of excessive force.

In *Smith v. City of Hemet*, 394 F. 3d 689 (9th Cir. 2005), the Ninth Circuit, en

2

banc, concluded that a jury could legitimately consider whether a police officer's conduct comported with law enforcement standards. In *Smith*, the plaintiff, in response to a summary judgment motion, produced an expert declaration which relied on P.O.S.T. standards regarding alternative techniques to subdue a person. The court, in addressing this issue stated:

> As we have previously explained, an additional factor that we may consider in our Graham analysis is the availability of alternative methods of capturing or subduing a suspect. *(Chew v. Gates*, 27 F.3d at 1441 n.5.) Smith argues that the officers' conduct violated applicable police standards and that there were alternative techniques available for subduing him that presented a lesser threat of death or serious injury. Smith offered an expert declaration on the training of police dogs and police dog handlers. Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon California's Peace Officer Standards and Training, which are applicable to all state police officers and are a part of Department policy. He concluded that the officers could and should have used control holds to complete the arrest rather than to sic Quando on him once they had him restrained on the ground. See also Hemet Chief of Police, Use of Force, Gen. Order No. U-102 (discussing professional presence, compliance techniques, and other intermediate force less likely to cause death or serious injury). A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable. [citations].
> *(Id.* at p. 249-250.)

The 9th Circuit recently held in *Bryan v. McPherson*, 590 F.3d 767, 780 (9th Cir. 2009), that police are "required to consider[w]hat other tactics if any were available to effect the arrest," [citations]. Further, the Court recognized, "the equally settled principle that officers must consider less intrusive methods of effecting the arrest and that the presence of feasible alternatives is a factor to include in our analysis." (*Id.* at 780, fn 15.)

In evaluating the objective reasonableness of the use of force by Defendant Officers Mitre, and Madison, the jury must be permitted to consider evidence that

3

Defendants' actions were inconsistent with, or in violation of, either their own department's polices or the polices and standards approved by P.O. S.T., which standards apply and to every certified police officer in the State of California. This evidence does not establish a constitutional violation in and of itself but, is one factor, that is relevant to a determination of the objective reasonableness of the defendants' use of force to detain and subdue plaintiff.

## II. CONCLUSION

Based on the foregoing, it is clear that evidence of police policies and standards is highly relevant to the jury's determination of the objective reasonableness of Defendants' detention and use of force on Plaintiff.

For these reasons, Plaintiff respectfully requests that Defendants' Motion In Limine to exclude such evidence as to police policies and practices manuals be denied.

DATED: April 18, 2010         THE LAW OFFICES OF BRIAN A. VOGEL, PC


By: *Brian Vogel*
    Brian A. Vogel
    Attorney for Plaintiff
    Max Villanueva Vasquez