UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-2590 DSF (PJWx) | Date | 5/3/10 |
| Title | Max Villanueva Vasquez v. The City of Santa Paula, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motions in Limine (Docket Nos. 43-61)

For the reasons noted below, the Court GRANTS in part and DENIES in part Defendants' Motions in Limine.[1]

## Motion in Limine No. 1

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).
Before a public entity can be held liable for § 1983 damages under a policy that can cause constitutional deprivations, a plaintiff must first show that an individual officer, acting pursuant to that policy, violated the plaintiff's constitutional rights.  See Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996).  For this reason, the Court grants this motion in part and will bifurcate the trial.[2]  See Green v. Baca, 226 F.R.D. 624, 633 (C.D. Cal. 2005) (noting bifurcation is appropriate where a plaintiff sues both individuals and a municipality "to protect the individual officer defendants from the prejudice that might result if a jury heard evidence regarding the municipal defendant's allegedly unconstitutional policies").

---

[1] All rulings on motions in limine are tentative, and may be reconsidered based on evidence received at trial.

[2] Bifurcation of damages is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

The first phase will determine whether the officers violated plaintiff's constitutional rights, and the extent of the damages, if any. The second phase, if needed, will determine whether the City of Santa Paula is liable under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

The Court denies Defendants' "corollary" request to exclude "all reference to and evidence of matters outside the circumstances of the contact between the individual officers and the plaintiff on the occasion in question." (Defs.' Mot. in Limine No. 1 at 4.) This request is so broadly stated that it could exclude admissible evidence if granted.

### Motion in Limine No. 2

The Court grants Defendants' motion to exclude "evidence and argument concerning the fact that the plaintiff was criminally prosecuted and the fact that the criminal prosecution was dismissed." (Defs.' Mot. in Limine No. 2 at 1.) Even if evidence about the dismissal of criminal charges against Plaintiff were relevant, cf. De Anda v. City of Long Beach, 7 F.3d 1418, 1422 (9th Cir. 1993), the Court finds that this evidence should be excluded under Rule 403 ("403") of the Federal Rules of Evidence. Introduction of such evidence is likely to cause confusion because the state's decision to stop its prosecution of plaintiff is far removed from the issue of whether probable cause existed for Plaintiff's arrest. See Heath v. Cast, 813 F.2d 254, 260 (9th Cir. 1987); see also Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988).

### Motion in Limine No. 3

The Court denies Defendants' motion to exclude "all argument and evidence concerning previous or later applications of force by the individual defendant officers, Mitre, Madison, or Smith, outside of the subject contact with the plaintiff." (Defs.' Mot. in Limine No. 3 at 1.) Such evidence is likely to be inadmissible under 403 and 404(a), but this request is so broadly stated that it could exclude admissible evidence if granted. Counsel are ordered to meet and confer and attempt to reach resolution concerning specific evidence. No such evidence shall be proffered without seeking permission outside the presence of the jury. Plaintiff is ordered to advise defense counsel no later than May 10 of the specific conduct he will seek to introduce. If there is no agreement, Plaintiff must submit the proposed evidence to the Court no later than one week before the commencement of trial.

### Motion in Limine No. 4

The Court denies this motion. The Ninth Circuit has repeatedly held that evidence

concerning lesser intrusive alternatives in excessive force cases may be considered. See, e.g., Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005); Mattos v. Agarano, 590 F.3d 1082, 1086 (9th Cir. 2010).

**Motion in Limine No. 5**

The Court denies Defendants' motion to exclude "the background histories of the individual officers, Mitre, Madison, and Smith, from any phase on determination of liability – that is, the existence or absence of an unreasonable seizure." (Defs.' Mot. in Limine No. 5 at 1.) Such evidence (especially as vaguely described in the opposition) is likely to be inadmissible under 403 and 404(a), but this request is so broadly stated that it could exclude admissible evidence if granted. Counsel are ordered to meet and confer and attempt to reach resolution concerning specific evidence. No such evidence shall be proffered without seeking permission outside the presence of the jury. Plaintiff is ordered to advise defense counsel no later than May 10 of the specific conduct he will seek to introduce. If there is no agreement, Plaintiff must submit the proposed evidence to the Court no later than one week before the commencement of trial.

**Motion in Limine No. 6**[3]

The Court grants Defendants' unopposed motion to exclude "any reference or evidence to the effect that individual defendant Carlos Mitre is no longer employed by the Santa Paula Police Department or that he left service there." (Defs.' Mot. in Limine No. 6 at 1.)

**Motion in Limine No. 7**

The Court denies Defendants' motion to exclude "all reference to any evidence of pre-seizure conduct by the officers which was not an independent constitutional violation." (Defs.' Mot. in Limine No. 7 at 1.) Contrary to Defendants' assertion, the law is not that pre-seizure conduct is inadmissible unless it is an independent constitutional violation. The Ninth Circuit has explicitly stated that it "do[es] not forbid *any* consideration of events leading up to [the incident]." Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir. 2002). Instead, the limitation on such considerations is that they cannot form the sole basis for a finding of unreasonableness under the Fourth

---

[3] The substantial number of unopposed motions suggests the parties failed to meet and confer in good faith concerning the motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Amendment.  Id.  The motion is lacking in specificity, and the Court will rule on the admissibility of the evidence at the time it is proffered.

**Motion in Limine No. 8**

The Court grants Defendant's unopposed motion to exclude "characterization of the Plaintiff by sympathetic synonyms, such as 'the victim,' 'the injured party,' or 'Max.'" (Defs.' Mot. in Limine No. 8 at 1.)

**Motion in Limine No. 9**

The Court denies Defendants' motion to exclude "evidence of all ultimate issue characterization by experts and lay witnesses." (Defs.' Mot. in Limine No. 9 at 1.)  The Court will sustain any appropriate objection to witness testimony at the time it is made.

**Motion in Limine No. 10**

The Court grants Defendants' unopposed motion to exclude "evidence of the potential for indemnification." (Defs.' Mot. in Limine N. 10 at 1.)

**Motion in Limine No. 11**

The Court grants Defendants' unopposed motion to prevent "counsel and witnesses from utilizing the so-called golden rule method of testimony or argument." (Defs.' Mot. in Limine No. 11 at 1.)

**Motion in Limine No. 12**

This motion is now moot given Plaintiff's stipulation that he will not introduce evidence of officers' self-critiques absent new evidence on this issue.

**Motion in Limine No. 13**

The Court grants Defendants' unopposed motion to exclude "evidence of the existence or absence of any law enforcement agency's post-incident inquiry." (Defs.' Mot. in Limine No. 13 at 1.)

**Motion in Limine No. 14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

The Court denies Defendants' motion to exclude "attribution of fault to the method of taking photographs of plaintiff's injuries." (Defs.' Mot. in Limine No. 14 at 1.) The Court will rule on objections at the time the evidence is proffered.

### Motion in Limine No. 15

The Court grants Defendants' unopposed motion to exclude evidence relating to the prosecution of Officer Carlos Mitre for residential burglary. (Defs.' Mot. in Limine No. 15 at 1.)

### Motion in Limine No. 16

The Court grants Defendant's motion to exclude "evidence of settlements of other litigation by or on behalf of the City of Santa Paula." (Defs.' Mot. in Limine No. 16 at 1.) Whatever relevance prior settlements of incidents involving other officers may have, it is substantially outweighed by the danger of unfair prejudice.

### Motion in Limine No. 17

The Court denies Defendants' motion to exclude "all reference to police department policies, whether from the Santa Paula Police Department or from other law enforcement agencies." (Defs.' Mot. in Limine No. 17 at 1.) Such evidence is relevant in determining the reasonableness of the officers' seizure. See Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005). In addition, although Defendants are correct that such policies and procedures do not establish the criteria for reasonableness under the Fourth Amendment, the Court believes the jury can grasp this point, especially after being instructed as to the proper legal standard.

### Motion in Limine No. 18

The Court grants Defendants' unopposed motion to exclude "all retained expert witnesses on behalf of plaintiff." (Defs.' Mot. in Limine No. 18 at 1.)

IT IS SO ORDERED.