1  Alan E. Wisotsky (SBN 68051)
   Jeffrey Held (SBN 106991)
2  LAW OFFICES OF ALAN E. WISOTSKY
   300 Esplanade Drive, Suite 1500
3  Oxnard, California 93036
   Tel:   (805) 278-0920
4  Fax:   (805) 278-0289
   E-mail: lawyers@wisotskylaw.com
5
   Attorneys for Defendants CITY OF SANTA
6  PAULA, SANTA PAULA POLICE
   DEPARTMENT, STEVE MacKINNON, CODY
7  MADISON, and CARLOS MITRE

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  MAX VILLANUEVA VASQUEZ, an )      No. CV 09-02590 DSF (MANx)
    individual,                 )
12                              )     **PARTIES AGREED UPON**
              Plaintiff,        )     **INSTRUCTIONS**
13                              )
                                )     Second Pretrial Conference:
14        v.                    )     Date: June 16, 2010
                                )     Time: 3:00 p.m.
15  THE CITY OF SANTA PAULA,    )     Ctrm: 840 Roybal
    et al.,                     )
16                              )
              Defendants.       )
17  _____)

18  TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT

19  JUDGE:

20        The parties have fully agreed upon the following undisputed jury instructions,

21  numbered 1 through 31, as the entirety of instructions needed for Phase I.

22

23  Dated: May 28, 2010              _Brian Vogel_____
                                     BRIAN A. VOGEL
24                                   Attorney for Plaintiff

25

26  Dated: May 31, 2010              _Jeffrey Held_____
                                     JEFFREY HELD
27                                   Law Offices of Alan E. Wisotsky
                                     Attorneys for Defendants
28

                             1

Jury Instruction No. 1

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Jury Instruction No. 2


To help you analyze the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that the defendant police officers violated his civil rights on April 15, 2007, by using excessive force against him. The plaintiff has the burden of proving this claim by a preponderance of the evidence.

The defendant police officers deny that they used excessive force in dealing with and arresting the plaintiff on the date in question.

Jury Instruction No. 3

When a party has the burden of proof on any claim by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim is more probably true than not true.  In this case, the plaintiff has the burden of proof by a preponderance of the evidence that any particular defendant police officer utilized excessive force.

You should base your decision on all of the evidence, regardless of which party presented it.

Jury Instruction No. 4

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Jury Instruction No. 5

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which are received into evidence; and

(3)    any facts to which the lawyers have agreed.

Jury Instruction No. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Jury Instruction No. 7


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Jury Instruction No. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Jury Instruction No. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Jury Instruction No. 10


Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must not be biased in favor of or against any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status, or occupation.

Jury Instruction No. 11

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded. When a witness is unavailable to testify at trial, or if a party wishes to attempt to contradict the trial testimony of a witness, the deposition of that person may be used at trial.

You should consider deposition testimony, presented to you in court, insofar as possible, in the same way as if the witness had been testifying before you during trial.

In the case where the witness whose deposition was taken was not present during trial, but all or part of the deposition was read to you, you should not have placed any significance on the behavior or tone of the person who read the questions or answers.

Jury Instruction No. 12

You have listened to a tape recording which was received in evidence. You listened to it very carefully. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.

However, bear in mind that the tape recording was the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. After the tape was played, the transcript was taken from you. Therefore, you need to rely on your memory of the tape as to the content of the recorded communication.

To the extent that the tape recording captured the statements of the speakers, it is the best evidence of what was said.

Jury Instruction No. 13

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Jury Instruction No. 14


The plaintiff brings his claim under the federal statute, 42 U.S.C. §1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Jury Instruction No. 15

In order to prevail on his §1983 claim against each of the two defendants, Cody Madison and Carlos Mitre, the plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)    the defendant acted under color of law; and

(2)    the acts of both of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in the following instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated and I instruct you that the defendants each acted under color of law.

If you find that the plaintiff has proven each of these elements, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for each such defendant.

Jury Instruction No. 16


This case involves an allegation that the police used excessive force. This case does not involve an allegation that the plaintiff was unlawfully detained before the force was applied.

Jury Instruction No. 17

A seizure of a person is reasonable under the Fourth Amendment if a police officer does not use excessive force in making a lawful arrest, detaining a person for questioning, and/or in defending himself or others. On the other hand, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in doing any of those things. In order to prove an unreasonable seizure, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force during their contact with him on April 15, 2007.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including these factors:

1.  The severity of the crime or other circumstances to which the officers were responding;

2.  Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.  Whether the plaintiff was actively resisting arresting or attempting to evade arrest by flight;

4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.  The type and amount of force used;

6.  Whether a warning was given, if feasible.

Jury Instruction No. 18

In evaluating these factors, the most important single element is whether the suspect poses an immediate threat to the safety of officers or bystanders.

Jury Instruction No. 19


Actively resisting arrest, as used in element 3 of Instruction No. 17, includes behavior which may not necessarily have been violent.

Jury Instruction No. 20


Officers are often forced to make split-second judgments in circumstances which are tense, uncertain, and rapidly evolving about the amount of force which is necessary in a particular situation.

Jury Instruction No. 21

Where police already have control over a suspect, the use of further force to bring the subject under control may be unreasonable.

Jury Instruction No. 22


The right to make an arrest or investigatory stop, includes the right to  employ some degree of physical coercion, or the threat thereof.  The force, however, must be necessary to be reasonable.

Jury Instruction No. 23


The unjustified use of a TASER is a significant intrusion into the core of the interests protected by the Fourth Amendment:  the right to be secure in our persons.

Jury Instruction No. 24

A police officer who has reasonable cause to believe that the person to be arrested has committed a crime may use reasonable force to effect the arrest, to prevent escape, or to overcome resistance.  A police officer who makes or attempts to make an arrest need not retreat or desist from such efforts by reason of the resistance or threatened resistance of the person being arrested.  Nor shall such officer be deemed the aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest, prevent escape, or overcome resistance.

A police officer is not permitted to use unreasonable, meaning excessive, force in making or attempting to make an otherwise lawful arrest.  If an officer does use unreasonable force in detaining or attempting to detain a person for questioning, or in making or attempting to make an arrest, the person being detained or arrested may lawfully use reasonable force to protect himself.

Jury Instruction No. 25

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's excessive force claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury which you find was caused by the defendants, or any of them. In determining the measure of damages, you should consider:

(1)    the nature and extent of the injuries;

(2)    the disability, disfigurement, or loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

(3)    the mental, physical, and emotional pain and suffering experienced and which will, with reasonable probability, be experienced in the future;

(4)    the reasonable value of necessary medical care, treatment, and services received to the present time;

(5)    the reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

(6)    the reasonable value of wages, earnings, and earning capacity lost to the present time.

(7)    the reasonable value of wages, earnings, earning capacity, and employment opportunities which will, with reasonable probability, be lost in the future.

It is for you to determine what damages, if any, have been proven.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Jury Instruction No. 26

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability, or disfigurement are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

Jury Instruction No. 27

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Jury Instruction No. 28


If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Jury Instruction No. 29


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Jury Instruction No. 30


If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Jury Instruction No. 31


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.