BRIAN A. VOGEL, SBN 167493
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326
EMAIL: brian@bvogel.com

Attorney for Plaintiff
MAX VILLANUEVA VASQUEZ

## UNITED STATED DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ, an individual | CASE NO. CV09-02590 (DSF-MAN) |
| Plaintiff, | **JOINT FINAL PRE-TRIAL CONFERENCE ORDER (AMENDED)** |
| -vs- | |
| THE CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON, OFFICER RYAN SMITH in both their individual and official capacities, and DOES 1-10, inclusive. | Pre-Trial Conf: May 3, 2010<br>Time: 3:00 p.m.<br>Ctrm: 840 Roybal<br>TRIAL: June 29, 2010 |
| Defendants. | |

In anticipation of a Final Pre-Trial Conference, the parties hereto, through their respective counsel, submit the following Joint Proposed Pre-Trial Conference Order, pursuant to Federal Rules of Civil Procedure, Rule 16, and Local Rule 16-6:

1

1. The parties are: Plaintiff, MAX VILLANUEVA VASQUEZ, and Defendants, CITY OF SANTA PAULA, THE SANTA PAULA POLICE DEPARTMENT, POLICE CHIEF STEVE MACKINNON, OFFICER CARLOS MITRE, OFFICER CODY MADISON and OFFICER RYAN SMITH.

Each of the above-mentioned parties has been served and has appeared. All other parties named in the pleadings and not identified in this preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiff's Complaint and Defendants' Answer to the Complaint.

2. Federal jurisdiction and venue are invoked upon the following grounds: Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983. The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants reside in or has its principal place of business in the Central District of California. This is a civil case involving alleged civil rights violations by the City of Santa Paula, Santa Paula Police Department, Police Chief Steve MacKinnon, Officer Carlos Mitre, Officer Cody Madison and Officer Ryan Smith, acting under the color of law in their official capacity as law enforcement officers for the City of Santa Paula.

3. The trial is estimated to take 5 days in total.

4. The trial is to be a jury trial.

5. The following facts are admitted and require no proof:

    (a) The incident wich is the subject of this action took place on April 15, 2007, at approximately 8:00 p.m.

    (b) Officers Carlos Mitre, Cody Madison and Ryan Smith were acting under the color of law at the time of this incident.

6. The following facts are admitted to be true but admissibility is disputed and subject to evidentiary objection: None

7. The claims being asserted by the Parties are as follows:

**PLAINTIFF'S CONTENTIONS:**

The plaintiff has asserted causes of action under 42 U.S.C. §1983, alleging violation of his Fourth Amendment right to be free from the use of excessive force by Santa Paula police officers Madison and Mitre at about 8:10 p.m. on Sunday, April 15, 2007.

<u>Plaintiffs' First Claim against Defendants Santa Paula Police Officers Carlos Mitre and Cody Madison for 4th Amendment Violations – Excessive Use of Force:</u>

    (a) The ultimate facts required to prove such claim under the applicable legal standard is that the force used by Santa Paula Police Officers Carlos Mitre, ("MITRE") and Cody Madison ("MADISON") was objectively unreasonable.

    (b) The evidence relied upon to prove each element of the claim is:

    (1) That at all times during this incident, Defendants MITRE and MADISON,

acted under color of law as a police officers for the City of Santa Paula.

(2) That in their capacity as police officers for the City of Santa Paula, on April 15, 2007, they, intentionally deprived plaintiff, Max Vasquez, of his 4th Amendment rights to be free from

unreasonable seizure by subjecting plaintiff with excessive use of force — forcibly tackling

plaintiff to the ground and tasing him twice.

(3) That there was no objectively reasonable basis for subjecting plaintiff, Max Vasquez, to the use of force employed by defendants, because he had no criminal record, was unarmed, was not a fleeing felon, and posed no serious threat of serious bodily harm to the officers present or anyone else.

(4) Defendants, MITRE and MADISON, by unnecessarily and unreasonably tasing plaintiff and forcibly tackling him to the ground caused plaintiff to suffer physical injuries, as well as extreme pain and suffering.

(5) That as a cause of said deprivation of his constitutional rights, plaintiff has suffered extreme emotional distress. Max Vasquez hereby seeks compensatory and punitive damages against defendants MITRE and MADISON in both their official as well as individual capacity.

Plaintiffs' Second Claim against Defendants City of Santa Paula ("CITY"), the Santa Police Department, ("SPPD") and Santa Paula Chief of Police Steve MacKinnon ("MACKINNON") for engaging in a deliberately indifferent customs, practices, and

4

policies violative of Plaintiff's federally protected rights under *Monell* and its progeny:

(a) The ultimate facts required to prove such claim under the applicable legal standard is that the training program of the defendants, CITY, SPPD and MACKINNON, was inadequate to train Defendants MITRE and MADISON in how and when to use force. Further that they employ an unwritten policy as a means of covering-up any misconduct of any officer that unnecessarily use force against a person.

(b) The evidence relied upon to prove each element of the claim is:

(1) The defendants, CITY, SPPD and MACKINNON, were deliberately indifferent to the need to adequately train officers, including MITRE and MADISON, regarding interaction and detention of suspects as well as the use force. In addition, that the defendants, CITY, SPPD and MACKINNON, were deliberately indifferent to persons against whom force was unnecessarily used due to an unwritten policy to arrest the person to cover-up the any potential misconduct of Santa Paula Police Department officers. The defendants, CITY, SPPD and MACKINNON, were further deliberately indifferent to persons against whom force was unnecessarily used due to an unwritten policy of officers using unjustified force during arrests and then falsely claiming that the force was justified because the arrestee was resisting arrest or attacking the officer.

(2) The failure to provide training, and the implementation of the unwritten policies, were a cause of the deprivation of the plaintiff's constitutional rights protected by the 4th Amendment of the Constitution, as set forth in Claim One.

(3) That plaintiff's sustained the damages set forth in Claim One as a result

of defendants'CITY, SPPD and MACKINNON failure to properly train defendants MITRE and MADISON, and the improper implementation of unwritten policies to cover-up any potential misconduct of defendants MITRE and MADISON.

**DEFENDANTS' CONTENTIONS:**

Preliminarily, Defendants make the following observations. There are no state law causes of action. There is no federal claim for false arrest; the only federal claim is for alleged excessive force.  Plaintiff, during the conference to prepare this report, agreed to dismiss Sgt. Ryan Smith from the action, with prejudice(defendants, however, agreeing to produce him without subpoena, upon reasonable notice, in his capacity as a witness). Discovery has absolutely demonstrated that Chief MacKinnon had no personal involvement in the contact forming the basis of this lawsuit whatsoever, and should be dismissed under *Kentucky v. Graham* and *Luke v. Abbott* as a redundant or supernemarary defendant.  Discovery has revealed no deliberately indifferent custom, practice or policy which proximately resulted in the deprivation of plaintiff's federal civil rights, so that the *Monell* count is wholly unsupported.

Defendants Madison and Mitre, and Chief MacKinnon, should he remain, assert the qualified immunity doctrine, as nothing that they did or failed to do contravened clearly established federal appellate or statutory precedent.  Defendants defer for their highly specific positions, to their separate filings, including their motions in limine, oppositions to plaintiff's motions in limine, memorandum of contentions of fact and law and jury instructions. Defendants believe that the quite recent publications of two Ninth

Circuit decisions bring into sharp focus the factual context at issue in the current litigation involving use of an electronic control device in a domestic violence call.  These are *Mattos v. Agarano*, 590 F.3d 1082, especially at 1088-1089(9th Cir. 2010) and an even more recent decision with as yet no official cite, *Brooks v. City of Seattle.*

    8. All discovery is complete except for the following:

        (a) Deposition of Guadalupe Guadian

    9. All disclosures under <u>Federal Rules of Civil Procedure</u>, Rule 26(a)(3)(c) have been completed.  Plaintiff served their disclosure on August 11, 2009 and Defendants served their initial disclosure on August 11, 2009 at the early meeting of counsel.  The joint exhibit list of the parties has been filed herewith under separate cover as required by Local Rule 16-5.  All exhibits may be admitted without objection.

    10. All disclosures under <u>Federal Rules of Civil Procedure</u>, Rule 26(a)(3)(a) and (b) have been made.  The parties are filing joint Witness and Exhibit Lists under separate cover as requested by Local Rule 16-5.

    11. The parties do not intend to present evidence by way of video deposition testimony.

    12. <u>Evidentiary Matters</u>: The parties have filed Motions in Limine seeking to exclude evidence.  The following is a summary of the parties' in limine motions.

    A.    **PLAINTIFF'S**

        (1) Motion in Limine No. 1, to exclude inproper character evidence and alleged prior bad acts.

(2) Motion in Limine No. 2, to limit defense expert Greg Meyer's opinions to FRCP 26 report and ensure conformance with FRE 702.

(3) Motion in Limine No. 3, to exclude improper expert opinions and opinions on the ultimate issues to be decided by the jury.

(4) Motion in Limine No. 4, to exclude evidence and argument which is unfairly prejudicial, confusing, and misleading to the jury.

(5) Motion in Limine No. 5, to exclude evidence and argument that refers to plaintiff as a "suspect" or "defendant."

B.  **DEFENDANTS'**

(1) Motion in Limine No. 1, Motion to exclude entity issue evidence in liability phase.

(2) Motion in Limine No. 2, Motion to exclude plaintiff's criminal prosecution and its dismissal.

(3) Motion in Limine No. 3, Motion to exclude prior to subsequent uses of force by any of the individual defendant officers.

(4) Motion in Limine No. 4, Motion to exclude evidence of lesser intrusive alternatives to the force actually utilized.

(5) Motion in Limine No. 5, Motion excluding hiring, background, and employment records of the individual officers.

(6) Motion in Limine No. 6, Motion to exclude evidence that officer Mitre is no longer employed by the defendant municipality.

      (7) Motion in Limine No. 7, Motion to exclude pre-seizure conduct which was not an independent constitutional violation.

      (8) Motion in Limine No. 8, Motion to exclude characterization of plaintiff as "the victim" or "the injured party".

      (9) Motion in Limine No. 9, Motion to exclude ultimate issue testimony.

      (10) Motion in Limine No. 10, Motion to exclude potential for indemnification.

      (11) Motion in Limine No. 11, Motion to exclude golden rule arguments.

      (12) Motion in Limine No. 12, Motion excluding officers' self-critique.

      (13) Motion in Limine No. 13, Motion to exclude the existence or absence of any law enforcement agency's post-incident inquiry.

      (14) Motion in Limine No. 14, Motion to exclude attribution of fault to method of taking photographs of plaintiff's injuries.

      (15) Motion in Limine No. 15, Motion to exclude youthful criminal prosecution of defendant Carlos Mitre.

      (16) Motion in Limine No. 16, Motion to exclude settlements of other litigation by or on behalf of the City of Santa Paula.

      (17) Motion in Limine No. 17, Motion to exclude Santa Paula Police Department and other law enforcement agency policies and procedures.

   13. Bifurcation of the following issues is requested by the defendants: Bifurcation of the constitutional claim from all other issues.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Pre-Trial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: 6/14/10     _Dale S. Fischer_____
                    UNITED STATES DISTRICT JUDGE

Approved as to form and content.

                                LAW OFFICES OF ALAN E. WISOTSKY

Dated: April 9, 2010            __/s/JEFFREY HELD_____
                                By JEFFREY HELD
                                Attorneys for Defendants
                                CITY OF SANTA PAULA, SANTA
                                PAULA POLICE DEPARTMENT,
                                POLICE CHIEF STEVE MACKINNON
                                OFFICER CARLOS MITRE, OFFICER
                                CODY MADISON AND OFFICER
                                RYAN SMITH

Dated: April 9, 2010            LAW OFFICES OF BRIAN A. VOGEL


                                __/s/ BRIAN A. VOGEL_____
                                BRIAN A. VOGEL
                                By BRIAN A. VOGEL
                                Attorney for Plaintiff,
                                MAX VILLANUEVA VASQUEZ

10