Amitai Schwartz (State Bar No. 55187)
Moira Duvernay ((State Bar. No. 233279)
Law Offices of Amitai Schwartz
2000 Powell Street, Suite 1286
Emeryville, CA 94608
Telephone:  (510) 597-1775
Facsimile:   (510) 597-0957
Email: attorneys@schwartzlaw.com

Brian A. Vogel (State Bar No. 167493)
The Law Offices of Brian A. Vogel, Pc
770 County Square Dr., Ste. 104
Ventura, CA 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326
E-Mail: brian@bvogel.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX VILLANUEVA VASQUEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE CITY OF SANTA PAULA, et al.,<br><br>    Defendants. | Case No. CV09-2590 DSF (MAN)<br><br>DECLARATION OF CAROL A. SOBEL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES<br><br>Date:   November 1, 2010<br>Time:  1:30 p.m.<br>Place:  Courtroom 840<br>         Roybal Building<br><br>Hon. Dale S. Fischer |

I, Carol A. Sobel, declare as follows:

1.    I am a member of the State of California Bar.  I make this declaration in support of the plaintiff Max Villanueva Vasquez's motion for attorneys' fees and expenses in the above-captioned matter.  I make this declaration from facts of which I have personal knowledge and, if I were called to testify to those facts, I could and would do so competently.

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)

2.      My hourly billing rate for 2010 is $725 per hour. I was recently awarded fees at this rate by Judge Otero in <u>Long Beach Area Peace Network v. City of Long Beach</u>, cv 04-08510 SJO. A copy of the Order is attached at Exhibit A. I was graduated from law school in 1978 and admitted to practice in December of that same year. A copy of my CV is attached hereto as Exhibit B. Until April of 1997, I was employed by the ACLU Foundation of Southern California. For the six years prior to 1997, I held the position of Senior Staff Counsel in the legal department. During the time that I was Senior Staff Counsel at the ACLU, I was responsible for preparing many of the fee motions in cases where the ACLU represented the prevailing party. Because the ACLU does not bill clients on an hourly basis for its services, I was required to obtain information to establish reasonable market rates for the ACLU lawyers. It was my practice to obtain current billing rates for lawyers of comparable skill and experience at several firms throughout the Los Angeles area. I did this on an annual basis, telephoning partners who were familiar with the ACLU lawyers in question so that they could make an informed judgment about the comparable skill levels of the attorneys at their firms whose rates were used to establish ACLU billing rates. At the time that I contacted these individuals, I was aware that the partners had been involved, personally, in pro bono litigation with the ACLU. Since these firms had worked directly with the ACLU lawyers for whom I sought to establish a market billing rates, they were able, based on personal knowledge, to assess the skill and experience of the ACLU lawyers.

3.      Since entering private practice, I have continued to survey firms each year to obtain relevant comparisons for billing rates. I generally make this inquiry the first time in each year I prepare a fee motion, or enter into settlement discussions regarding fees. Although many, if not most, of the firms I contact are larger law firms such as Loeb & Loeb LLP and Kaye Scholer, others are not. For example, Litt, Estuar, Harrison & Kitson is a private civil rights firm that usually

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)                2

1  employs approximately five associate lawyers at one time, depending on case
2  demands.  The law firm of Schonbrun, DeSimone, Seplow, Harris & Hoffman is a
3  six-partner civil rights law firm, which usually has several associates.  I routinely
4  co-counsel cases with attorneys from each of these law firms, except for Kaye
5  Scholer.
6       4.     In addition to speaking with partners at various law firms, I have also
7  become familiar with the market rates charged by attorneys in the Los Angeles area
8  by reviewing attorney fee applications and awards in other cases, as well as by
9  reading decisions awarding fees under fee-shifting statutes.  Specifically, I
10 regularly review fee applications submitted by the ACLU, MALDEF, the Western
11 Center on Law and Poverty and other public interest groups in Los Angeles to
12 determine what rates are being sought.  I also then read the subsequent court orders
13 on these applications to familiarize myself with the market rates being awarded for
14 the lawyers from these public interest firms, including private pro bono counsel
15 who work on the cases, as well as published decisions awarding statutory fees in
16 civil rights and civil liberties cases.
17      5.     In the Long Beach case identified at paragraph 2, above, I was also
18 awarded fees for a colleague, Rebecca Thornton, at $450 an hour.  Ms. Thornton is
19 a 2001 graduate.  I was awarded attorney fees in several cases in 2009 at a rate of
20 $710 an hour.  In establishing my market rate each year, I obtain current billing
21 rates from Douglas Mirell for partners and associates at Loeb & Loeb in several
22 classes representing my year of graduation and those of the lawyers with whom I
23 am co-counseling cases at the time I make this inquiry each year.  I have co-
24 counseled approximately six cases over the years with Mr. Mirell, so he is very
25 familiar with my skill level.  In addition, many of the lawyers for whom I was also
26 seeking fees in the 2009 cases were or are now at the ACLU, with which Mr.
27 Mirell frequently serves as a cooperating counsel.  I also review recent fee awards,
28 including several filed by attorneys at large firms to assess the range of fees in the

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)     3

1 Los Angeles legal market for myself and the attorneys involved in each case in
2 which I filed a fee application.

3     6.     In December 2008 in <u>Jones v. City of Los Angeles</u>, CV 03-1142-R, a
4 constitutional challenge to Los Angeles Municipal Code § 41.18(d), which
5 criminalizes sleeping on the streets or sidewalks anywhere in the City at all times
6 of day or night, I and the ACLU were awarded fees.  A copy of the order of the
7 court and the chart of market rates filed with the motion for fees is attached at
8 hereto as Exhibit C.  Judge Real awarded me fees at $695 an hour in <u>Jones</u> and
9 awarded my associate, Yvonne Simon, and Peter Eliasberg of the ACLU, both
10 1994 law graduates, $480 and $490, respectively.

11    7.     In 2009, in <u>Fitzgerald v. City of Los Angeles</u>, CV 03-01876 DDP, I
12 worked again with Peter Eliasberg.  I was awarded fees at a rate of $710 an hour
13 and he was awarded fees at $525 an hour.  Anne Richardson, a 1989 graduate, was
14 awarded fees in <u>Fitzgerald</u> at $575 an hour.  A true and correct copy of the order of
15 the court awarding fees in <u>Fitzgerald</u> is attached at Exhibit D.

16    8.     Finally, in 2009 in <u>Multi-Ethnic Immigrant Workers Organizing
17 Network</u> ("MIWON"), CV 07-3072 AHM, I was awarded fees at $710 an hour.
18 Cynthia Anderson-Baker, a 1994 law graduate, was awarded fees at $490 an hour.
19 A true and correct copy of the Order awarding fees in the MIWON case is attached
20 at Exhibit E to my declaration.

21    9.     In addition to the four decisions above in which I have been awarded
22 fees, I reviewed several other recent decisions in the Central District involving
23 attorneys whom I believe to be of comparable skill, experience and reputation to
24 the attorneys who seek fees by this motion.  These decisions include the Order in
25 <u>Atkins v. Miller</u>, discussed in paragraph 12, below, and the decision issued earlier
26 this year in <u>Lauderdale v. City of Long Beach</u>, CV 08-979 ABC, discussed in
27 paragraph 14, below.

28

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)                4

10. On three recent occasions, my declarations in support of fee applications for civil rights attorneys have been cited by courts as evidence of reasonable market rates in Los Angeles. In <u>Nadarajah v. Holder</u>, 569 F.3d 906, 912-14 (9th Cir. 2009), the Ninth Circuit repeatedly cited to my declaration in support of the application of attorneys from the ACLU for fees under the Equal Access to Justice Act ("EAJA"). EAJA rates are set by the government and the burden is on the party seeking EAJA fees to establish that they are entitled to the fees and, if they so seek, that they are entitled to a rate above the statutory rate of $125 an hour, adjusted for cost of living in the local area. In <u>Nadarajah</u>, the ACLU filed for fees in 2006, after prevailing on the merits in the Ninth Circuit. The 2006 EAJA market rates approved in <u>Nadarajah</u> were $500 an hour for a 1985 graduate and $335 an hour for two 1999 graduates, all working at the ACLU.

11. The second recent case in which the Court cited to my fee declaration in support of the requested market rates was <u>Torrance Unified School District v. Magee</u>, 2008 U.S. Dist. LEXIS 95074 (C.D. Cal. 2008), granting fees pursuant to the federal IDEA statute, 20 U.S.C. §1415(i)(3)(C). In that case, this Court awarded fees at $575 an hour to two attorneys who graduated ten and four years before I was graduated, noting that the rate was far below the hourly rate at which I had been awarded fees and concluding that the requested rates were, in fact, "comparable to the fees charged by lawyers of reasonably comparable skill, experience, and reputation engaged in special education and other civil rights litigation." <u>Id.</u> at *21.

12. The third recent decision in which the court cited to my declaration with approval as to the reasonableness of rates sought was <u>Atkins v. Miller</u>, CV 01-01574 DDP (C.D. Cal. 2007). A copy of the decision in <u>Atkins</u> is attached as Exhibit F. In <u>Atkins</u>, Judge Pregerson awarded fees to a 1975 graduate at $675 an hour. <u>Id.</u> at pp. 8-9. Judge Pregerson concluded that this rate was at the high end of the market spectrum for 2007, but, nonetheless, awarded the requested rates based,

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)                5

1  in part, on the supporting declarations submitted by me and Barrett Litt attesting to
2  the reasonable of these rates within the 2007 Los Angeles legal market. <u>Id.</u> at p. 9,
3  n. 4.
4    13. I have reviewed the resumes of plaintiff's lead counsel in this case,
5  Brian A. Vogel, and special fee counsel Amitai Schwartz. I am personally familiar
6  with the work of Amitai Schwartz, who was an attorney at the ACLU of Northern
7  California when I began working at the ACLU of Southern California. I am
8  informed Mr. Vogel, a 1993 law graduate is seeking compensation at a rate of $500
9  per hour. I am aware that Mr. Schwartz, a 1972 law graduate, is seeking a $650
10 per hour rate. Finally, Mr. Schwartz's associate, Moira Duvernay, a 2004 law
11 graduate, is seeking $300 per hour. Based on the foregoing and the orders attached
12 as exhibits to my declaration, I believe that the rates sought by plaintiff's counsel
13 in this motion are well within the range of reasonable market rates for lawyers of
14 comparable skill, experience and reputation. As stated above, my own hourly rate
15 for 2010 is $725 and I was awarded fees in the Central District on four occasions
16 from late 2008 through 2010 at $695 to $725 per hour. <u>Long Beach Area Peace
17 Network</u>, <u>Jones</u> and <u>Fitzgerald</u> involved contested fee motions. The special fee
18 counsel in this case graduated several years before me.
19   14. The rates sought by plaintiff's counsel in this case are comparable, or
20 below, the rates set forth in the opinions I have provided with my declaration. They
21 are below comparable rates recently awarded by Chief Judge Audrey Collins in
22 <u>Lauderdale, et al v. City of Long Beach, et al</u>, CV 08-979 ABC (C.D. Cal. Jan. 11,
23 2010). Judge Collins awarded a 1999 law graduate an hourly rate of $525 and a
24 2004 law graduate an hourly rate of $400. I am familiar with the skills, experience
25 and reputation of both of these attorneys, Shawna Parks and Matthew Strugar. I
26 am most familiar with Mr. Strugar, the 2004 graduate, who clerked for me while he
27 was in law school and with whom I have since co-counseled cases. I have attached
28 a copy of the fee award in <u>Lauderdale</u> to this Declaration as Exhibit G.

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)  6

15. Based on the information I have gathered, I have formed the opinion that there is a significant difference between the fees sought and awarded to smaller or solo civil rights firms and larger business firms even though these firms only occasionally do pro bono civil rights and civil liberties work and the skill and experience of the attorneys in handling complex litigation are comparable. By way of comparison, I have attached as Exhibit H a declaration that includes the rates sought by O'Melveny & Myers in a bankruptcy case. I obtained the declaration from the on-line federal court system's Public Access to the Court Electronic Records (PACER). The O'Melveny rates are now several years old, but they present a stark illustration of the difference between the private civil rights bar and large firms. The O'Melveny rates from four years ago are far higher than the rates sought by this motion for attorneys of comparable skill and experience.

16. Based on my experience, most civil rights lawyers are like plaintiff Mr. Vasquez's lawyers – in smaller firms, if not sole practitioners, where the resources sharply limit the number of clients they can represent. Large firms are usually paid by the hour with no contingency and expect payment on a monthly basis. By contrast, civil rights cases are done on contingency, time-consuming, hard fought and involve complex issues. They should be compensated in the same way as large firms that get paid hourly without any contingent risk. For these reasons, an award of attorneys' fees at full market rate is a necessary and strong incentive to encourage other lawyers to take on civil rights cases such as this one.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Santa Monica, California this 7th day of September, 2010.

/s/ Carol Sobel
Carol A. Sobel

Declaration of Carol A. Sobel in Support of
Plaintiff's Motion for Attorneys' Fees and Expense
Case No. CV09-2590 DSF (MAN)                         7