# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONG BEACH AREA PEACE NETWORK, et al., | ) ) ) | NO. CV 04-08510 SJO (SSx) |
| Plaintiffs, | ) ) | **ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT** |
| v. | ) ) | [Docket No. 56] |
| CITY OF LONG BEACH, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiffs Long Beach Area Peace Network and Diana Mann's (collectively, "Plaintiffs") Motion for Award of Attorneys' Fees and Costs, filed April 15, 2010. Defendant City of Long Beach ("Defendant") filed an Opposition to which Plaintiffs replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 24, 2010. *See* Fed. R. Civ. P. 78(b). Because of the following reasons, Plaintiffs' Motion is GRANTED.

I.  BACKGROUND

Defendant adopted an ordinance, codified in §§ 5.60 *et seq.*, of the Long Beach Municipal Code ("LBMC"), that established a permit scheme for parades and assemblies held in the City of Long Beach (the "Ordinance"). Plaintiffs filed a "facial challenge" to the Ordinance, seeking: (1) declaratory and injunctive relief; (2) compensatory damages; and (3) attorneys' fees. On November 15, 2004, the Court permanently enjoined Defendant from enforcing the Ordinance

on the grounds that the Ordinance constituted an unconstitutional restraint on speech and assembly. Defendant subsequently appealed the Court's Order to the Ninth Circuit.

In *Long Beach Area Peace Network v. City of Long Beach,* 574 F.3d 1011 (9th Cir. 2009), the Ninth Circuit affirmed in part and reversed in part, and remanded the issue of whether the four unconstitutional provisions could be severed. Defendant filed a petition for rehearing *en banc*, which was denied. Defendant then petitioned for a Writ of Certiorari with the United States Supreme Court, which was also denied.

On March 15, 2010, the Court heard argument on whether the unconstitutional provisions of the Ordinance were severable and concluded on April 1, 2010, that the provisions were not severable and thus the entire Ordinance was invalid. (Docket ("Dkt.") No. 43.) Plaintiffs now move for attorneys' fees and costs. (*See generally* Pls.' Mot. for an Order Awarding Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1983 and California Code of Civil Procedure § 1021.5 ("Pls.' Mot.").)

II. DISCUSSION

A. Attorneys' Fees

42 U.S.C. § 1988 states that "[i]n any action or proceeding to enforce a provision of [section 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney[s'] fee as part of the costs . . . ." 42 U.S.C. § 1988. In determining the amount of attorneys' fees to be awarded, the court must first determine the lodestar figure, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). The lodestar figure is presumptively reasonable. *See Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The reasonable hourly rate is the rate "prevailing in the community for similar work performed by attorneys of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Once calculated, the court may then adjust the lodestar amount up or down based on a number of factors, including:

    (1) [t]he time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment due to acceptance of the case; (5) [t]he customary fee; (6) [t]he contingent or fixed nature of the fee; (7) [t]he limitations imposed by the client or the case; (8) the amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he undesirability of the case; (11) [t]he nature of the professional relationship with the client; and (12) [a]wards in similar cases.

*Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993). In seeking attorneys' fees under this method, "the fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services . . . and that the claimed number of hours is reasonable . . . ." *Id.* at 622-23.

    Plaintiffs allege that they are entitled to attorneys' fees and costs as prevailing parties under 42 U.S.C. § 1983. (Pls.' Mot. 2:13-16.)

    1.    <u>Reasonableness of Hourly Rate</u>

    As established in *Blum v. Stenson*, the reasonableness of an hourly rate is "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel . . . . [T]he rates should be in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896 n.11. Plaintiffs have submitted affidavits and cases in support of the reasonableness of the hourly rate charged by Plaintiffs' attorneys. (Pls.' Mot., Ex. 3-8; Pls.' Mot., Decl. of Barrett Litt in Support of Plaintiffs' Motion for an Order Awarding Attorneys' Fees and Costs.) Accordingly, the rates are presumed to be reasonable unless Defendant can show that the rates are not in line with those prevailing in the community. *See Blum*, 465 U.S. at 896 n.11.

    Defendant has not presented sufficient evidence to refute the figures provided by Plaintiffs, instead relying on references to the United States Attorney's Office ("USAO") *Laffey* Matrix and

the Altman Weil Survey of Law Firm Economics.[1] (*See generally* Mem. of P. & A. in Opp'n to Pls.' Mot. for Attorneys' Fees ("Def.'s Opp'n").) However, neither alternative is representative of the "prevailing market rates in the relevant community" of Los Angeles. *Blum*, 465 U.S. at 896 n.11. Since neither the *Laffey* Matrix nor the Altman Weil Survey are applicable, Defendant has failed to rebut the presumption of reasonableness of Plaintiffs' claimed rates. *See id.*

After review of the evidence presented by the parties in support of fees, the Court finds that the requested rates are reasonable for each of the attorneys, clerks, and paralegals.

### 2. Reasonableness of Claimed Number of Hours

Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Moreover, the "fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of these hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Once the fee applicant has met that burden, the opposing party "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged." *Id.* at 1397-98.

Plaintiffs have submitted a sufficiently detailed breakdown of time spent on various levels of the litigation. (Pls.' Mot. 6:3-25.) Plaintiffs allege that they have exercised billing judgment by excluding the time spent preparing briefs in Small Claims Court and for issues that were ultimately unsuccessful. *See Hensley*, 461 U.S. at 434; Pls.' Mot. 5:10-20. In total, Plaintiffs contend that they have already eliminated 46 hours from Ms. Thornton's time and 41 hours from Ms. Sobel's hours. (Pls.' Mot. 5:10-20.)

However, Defendant argues that the hours billed are still unreasonable and must be reduced. The Court will address each of Defendant's arguments separately.

---

[1] The USAO *Laffey* Matrix is a publication based on District of Columbia averages of hourly rates charged by attorneys, whereas the Altman Weil Survey is a national average of hourly rates charged by attorneys in the United States. The Court notes that Defendant failed to provide the *Laffey* Matrix, as well as the pertinent portions of the Altman Weil Survey.

### a. Ms. Sobel's Use of an Associate

Defendant wishes to exclude all of Ms. Thornton's involvement in the appellate process when calculating attorneys' fees. (Opp'n to Appellees' Application for Attorneys' Fees attached as Ex. 1 to Def.'s Opp'n ("Ex. 1").) However, Defendant's request implies that Defendant would have preferred Ms. Sobel to conduct the same basic research and drafting tasks done by Ms. Thornton, but at more than three times the billing rate. (Pls.' Reply to the Opp'n to Attorneys' Fees and Costs ("Pls.' Reply") 6:13-24.) Had Ms. Sobel completed all of the work done by Ms. Thornton, Plaintiffs' fees would be even higher. Accordingly, the Court finds that Plaintiffs' use of an associate was neither excessive nor unwarranted.

### b. Ninth Circuit Appeal

Defendant alleges that Ms. Sobel's general experience in First Amendment law and her involvement as lead attorney in *Santa Monica Food Not Bombs v. Santa Monica*, 450 F.3d 1022 (9th Cir. 2006), necessarily resulted in duplicitous research. (Def.'s Opp'n 2:24-25.) However, the Court finds that any duplicitous work was done out of necessity, especially given the fact that litigation occurred over several years. (Pls.' Reply 2:9-10.)

Defendant also contends that a reduction in attorneys' fees is warranted because Plaintiffs were only successful on four out of nine issues. (Ex. 1.) This is irrelevant because Plaintiffs were ultimately successful in invalidating the entire Ordinance. (*See generally* Pls.' Reply.) Accordingly, the Court finds this argument is without merit.

Alternatively, Defendant contends that Plaintiffs' failure to follow Ninth Circuit Rule 28-2.6[2] resulted in unnecessary supplemental briefing in the present case because the "matters could have potentially been consolidated and the necessity and expense of supplemental briefing could have been avoided." (Ex. 1.) There is no evidence that the Ninth Circuit would have consolidated the matters. Accordingly, the Court finds that this argument lacks merit. After reviewing the evidence presented by both parties, the Court finds no reduction in attorneys' fees is necessary

---

[2] Ninth Circuit Rule 28-2.6 states in pertinent part: "[e]ach party shall identify in a statement . . . any known related case pending in [the Ninth Circuit] . . . . Cases are deemed related if they . . . raise the same or closely related issues . . . ." Fed. R. App. P. 28-2.6.

for the appellate process. Accordingly, Plaintiffs are awarded $119,082.50 in attorneys' fees for work done during the appeals process.

### c. United States Supreme Court Briefing

Defendant alleges that spending 141.1 hours on Plaintiffs' Brief in opposition to Defendant's Petition for Writ of Certiorari is excessive because Plaintiffs merely quoted and paraphrased liberally from the Ninth Circuit opinion and provided little independent legal analysis. (Def.'s Opp'n 4.) However, Plaintiffs allege that it had to research numerous new cases and issues. (Pls.' Reply 6:25-28.) Furthermore, Plaintiffs argue that 19 months passed between the time Plaintiffs filed their Opposition to the petition for rehearing *en banc* in May 2008 to the time they filed their Response to the Petition for Certiorari in December 2009. (Pls.' Reply 7:22-24.) Thus, although the work may have been duplicitous, given the time lapse between actions, the Court finds that any duplication was necessary. The Court finds that no reduction in attorneys' fees is necessary. Accordingly, the Court finds the sum of $71,322.50 to be appropriate, and thus awards such an amount for matters related to the Petition for Certiorari.

### d. District Court Proceedings

Defendant alleges that Plaintiffs are not entitled to collect attorneys' fees for the original district court proceedings because they failed to file a timely application for attorneys' fees pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(2)(B)(i).[3] *See* Fed. R. Civ. P. 54(d)(2)(B)(i). However, Local Rule 54-12 permits the filing of a motion for attorneys' fees fourteen days after any final order is issued. *See* Local Rule 54-12.[4] Plaintiffs contend that the term "final order" means after the time for filing an appeal has expired "such that there is no longer any possibility that the district court's judgment is open to attack." *Al-Harbi v. Immigration and Naturalization Serv.*, 284 F.3d 1080, 1082 (9th Cir. 2002). The Court issued its Order denying

---

[3] Rule 54(d)(2)(B)(i) states that a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i).

[4] Local Rule 54-12 states that "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry or judgment or other final order, unless otherwise ordered by the Court."

6

severability on April 1, 2010, and the instant Motion for attorneys' fees was filed on April 14, 2010. (*See* Dkt. No. 55; Dkt. No. 56.) Since the instant Motion was filed within 14 days from the final Order denying severability, Plaintiffs are not precluded from seeking attorneys' fees for the original district court proceedings. Accordingly, Plaintiffs are awarded $67,405.00 for work done for the original district court proceedings.

e. Severability and Post-Appellate Proceedings

Defendant alleges that Ms. Sobel's involvement in *Long Beach Lesbian & Gay Pride, Inc. v. City of Long Beach*, 17 Cal. Rptr. 2d 861 (Cal. App. 1993), a case dealing with a prior version of the same city ordinance as the instant case, necessarily means that some hours expended working on the severability hearings in the instant case are duplicitous. (Def.'s Opp'n 5:3-12.) *Long Beach Lesbian & Gay Pride, Inc.* was decided in 1993, almost two decades ago and a whole decade before the commencement of the instant litigation. Over such a long period of time, laws may change and work product may become stale. *See Moreno v. City of Sacramento*, 534 F.3d 1006, 1112 (9th Cir. 2008). At a bare minimum, an attorney "needs to get up to speed with the research previously performed." *Id.* Thus, the Court finds Defendant's argument without merit. Accordingly, the Court finds the sum of $19,690.00 to be a reasonable sum of attorneys' fees for the severability hearing and post-appeal proceedings.

f. Work on the Motion for Attorneys' Fees and Costs

Defendant argues that the hours billed for the instant Motion are excessive because Plaintiffs only had to include a minor amount of additional information and thus much of the work was duplicative. (Def.'s Opp'n 5:20-24.) Plaintiffs initially sought 17.9 hours, but request an additional 18.4 hours for time spent on the Reply. Plaintiffs are not required to travel to, appear at, or prepare for a hearing regarding this matter. Accordingly, Plaintiffs' request for fees for 4.5 hours of time for such matters is denied. As such, total hours billable for work done regarding the instant Motion is 31.8 hours at $725 per hour for a total of $23,055.

B. Costs

The Court is unable to locate the Bill of Costs that Plaintiffs allegedly transferred from the Ninth Circuit, as it is not attached as Exhibit 15 to the Declaration of Ms. Sobel as Plaintiffs claim.

1 (Decl. of Carol A. Sobel in Support of Mot. for an Order Awarding Attorneys' Fees and Costs ¶ 20.) The only enumerated costs that can be found are in Ms. Sobel's Supplemental Declaration attached to Plaintiffs' Reply. (Pls.' Reply, Supplemental Decl. of Carol A. Sobel ¶ 12.) Accordingly, Plaintiffs are awarded $190.68 for out-of-pocket costs. (Pls.' Reply, Supplemental Decl. of Carol A. Sobel ¶ 12.)

III. RULING

For the foregoing reasons, Plaintiffs' Motion for an Order Awarding Attorneys' Fees and Costs is GRANTED. Accordingly, the Court awards Plaintiffs attorneys' fees and costs in the amount of $300,745.68.

IT IS SO ORDERED.

Dated: July 2, 2010.

S. James Otero

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE